ALVIS *v.* OGLESBY.

*(Nashville.* January 1, 1889.)

1. STATUTE OF LIMITATIONS. *Distributee's suit against personal represent-*
*ative barred by ten years' statute.*

Suit, either at law or in equity, by a distributee against a personal rep-
resentative, for an accounting, a devastavit, or distributive share,
whether brought technically on his bond or otherwise, is barred (sav-
ing disabilities) under § 2776 of Code of 1858, unless it is commenced
within ten years "after the course of action has accrued."

Code cited: §§ 3153, 3466, 3473 (M. & V.); §§ 2312, 2769, 2776 (T. & S.).

Cases cited and approved: 3 Yer., 231; 5 Hum., 291: 6 Lea., 471; 7
Johns Ch.———

Cited and overruled: Taylor *v.* Walker, 1 Heis., 740; Carr *v.* Lowe, 7
Heis., 98.

Cited as showing state of the law prior to Code of 1858: 3 Hay., 221;
4 Hay., 134; 8 Yer., 145; 3 Sneed, 157; 6 Hum., 446.

2. SAME. *Distributee's right of action accrues, when.*

Distributee's right of action against the personal representative accrues,
*as to assets then in the representative's hands,* at the time he is required
by law to make distribution, and *then* the statute begins to run.

3. SAME. *Disabilities. Burden of proof.*

The burden is on the party claiming the benefit of a disability to show
himself within the saving of the statute, which otherwise bars his
action.

Cases cited and approved: Shropshire *v.* Shropshire, 7 Yer., 165; Mc-
Clung *v.* Sneed, 3 Head, 219; Chaney *v.* Moore, 1 Cold., 48.

4. SAME. *Same. Successive or Cumulative.*

Disabilities occurring after right of action has accrued cannot be added
to pre-existing disabilities so as to save the bar of the statute of
limitations.

(See Code, § 2759 (T. S.), and § 3453 (M. & V.), and notes.)

5. SAME. *Guardian barred, ward not.*

Though guardian's suit is barred, the ward may maintain suit for his distributive share if brought within saving of statute after his majority.

Case cited and approved: Henley *v.* Robb, 86 Tenn., 474.

6. ADMINISTRATION. *Accounting. Surcharging and falsifying settlements. Burden of proof.*

Administrator's settlements, made in County Court, are to be taken as *prima facie* correct, in a proceeding brought to surcharge and falsify them.

Therefore, an order for an account, made in such proceeding, is erroneous, which, without proof showing errors, disregards such settlements, and directs an account *de novo*, taking the inventory and list of sales as basis for charges against the administrator, and requiring of him independent proof of the credits allowed in his settlements.

The settlements are, in such case, the proper basis for the account.

Code cited: ₰ 3146 (M. & V.); ₰ 2305 (T. & S.).

(See also ₰ 4535 (M. & V.); ₰ 3786 (T. & S.); 14 Lea, 555; 15 Lea, 627; 86 Tenn., 326, 474.)

7. SAME. *Same. Same. Payment of barred debts.*

Where an administrator has been allowed, in his County Court settlements, credit for debts paid by him after lapse of the time within which he could be sued, it will be presumed, in the absence of proof to the contrary, in a proceeding to charge him for *devastavit*, that the delay of creditors was at the administrator's request, and that the debts were not barred.

The same strictness of proof is not required to exonerate the administrator, in such case, as is required of the creditor seeking to recover his debt.

Case cited and approved: Puckett *v.* Jones, 2 Hum., 568.

8. SAME. *Same. Compound interest chargeable to administrator, when.*

Nothing but very culpable conduct will justify charging an administrator with compound interest in stating his accounts.

Alvis *v.* Oglesby.

9. SAME. *Same. Interest on credits allowed.*

Where an administrator is charged interest upon debits in stating his account, he should be allowed interest upon his credits. His disbursements should be credited upon the principle of partial pay-payments.

FROM MACON.

Appeal from Chancery Court of Macon County. W. W. WADE, Ch.

HEAD & WOOTEN and JOHN S. McMURRY for complainants.

S. F. WILSON, J. J. TURNER, J. L. ROARK, and T. C. MULLIGAN for Respondents.

LURTON, J. The complainants are the distributees of James Kerley, who died intestate in 1859. They charge that Elisha Oglesby qualified as administrator upon his estate in July, 1859, and that he filed an inventory of the effects of the decedent and a report of sales of personalty during the year following, and that in 1869 he made a partial settlement in the County Court, but that he subsequently died without completing the administration by a final settlement. This bill is filed for the purpose of surcharging and falsifying the settlement made, and to recover their several distributive shares.

The defendants, who are the executors of the deceased administrator, deny all charges of waste and devastavit, assert payment by their testator of the assets of the estate in due course of administration, set up and plead the settlement of 1869, and plead and rely upon the several statutory limitations, including the ten-year bar contained in § 2776 of the Code. The bill was filed June 5, 1881, twenty-two years after administration granted, and twelve years after the County Court settlement which they seek to falsify.

After much proof had been taken the Chancellor, upon the pleadings and proof, decreed an account, and settled the principles upon which it should be taken. In this decree he ruled "that Oglesby's estate is not protected in this cause by any statute of limitations, for the reason that Oglesby, as administrator of Kerley, was an express trustee, and the estate had never been settled." This defense of the statute of limitations presents the first and most important question which is presented by the assignment of errors.

As far back as 1817 it was decided by this Court that the statute of limitations, as it then existed, did not bar the suit of a distributee. *Pinkerton* v. *Walker*, 3 Hay., 221. In *Cartright* v. *Cartright*, 4 Hay., 134, and *McDonald* v. *McDonald*, 8 Yerg., 145, the same rule was repeated, and applied to the suit of a legatee. These decisions were followed in several other reported cases, including that of *Lafferty* v. *Turley*, 3 Sneed, 157.

The opinions in this line of cases were rested upon the propositions:

*First*—That an administrator, by operation of his appointment by the Court having jurisdiction, and an executor, by reason of the will under which he was nominated, were express and not implied trustees.

*Second*—That the trusts incident to such an office were trusts cognizable alone in courts of equity, there being then no remedy at law by which a distributee could recover a distributive share or a legatee his legacy.

*Third*—That the statutes of limitation, as they then were, applied to the *forms* of action and not to the *cause* of action; and, as bills in equity were not expressly mentioned, that therefore, where the cause of action was a trust cognizable in equity alone, the statute did not apply to suits concerning such trusts.

Upon these premises these decisions were logical, and in accord with the decisions in the courts of Great Britain. It was never held in these cases, or any other made by this Court, that the statutes of limitation were not as applicable in equity as at law, when there was any remedy at law, even in cases of express trusts. Said Chief Justice Catron:

" Courts of equity, equally with courts of law, are bound by the statutes of limitation in all the varieties of bailments—loans, pawns, deposits, etc.— although express trusts, where there are convenient

remedies at law or by bill in equity." 3 Yerg., 231. Judge Green, that very eminent master of the principles of equity, in delivering the opinion of the Court in *Haynie* v. *Hall's Executor*, said:

"The statute of limitations prescribes that certain forms of action shall be barred within the time limited, and, therefore, in its terms it does not apply to courts of equity; but the courts of chancery, both of Great Britain and of this country, have uniformly held that in cases where any remedy exists at law, if a court of chancery gains jurisdiction of a cause, the time fixed in the statute as a bar to the action at law will also be a bar to a bill in chancery." 5 Hum., 291.

The sound and well-settled rule in courts of equity is that the statutes of limitation are applicable in every case in equity, when the trust is not a technical one, of which courts of equity alone take cognizance. The doctrine, as stated by Chancellor Kent in *Kane* v. *Bloodgood*, 7 Johns. Ch. Rep., —, is "that the trusts intended by the courts of equity not to be reached or affected by the statutes of limitation are those technical and continuing trusts, which are not cognizable at law, but fall within the proper, peculiar, and exclusive jurisdiction of this Court." See also *Peebles* v. *Greene*, 6 Lea, 471, where Judge McFarland clearly discusses this question.

Down to the enactment of the Code in 1858, there was no remedy at law against administrators in behalf of a distributee or legatee for the re-

covery of a distributive share or a legacy. The cases already referred to so expressly decide. The Act of 1762, which was the only statutory remedy given a legatee or distributee, provided that the suit should be brought by petition in the Chancery Court. Statutes of Nicholson & Caruthers, 251. That there was no remedy in the Circuit Court was expressly decided in *Dougherty* v. *Maxwell*, 6 Hum., 446. So continued the law until the Code, when, by § 2312, jurisdiction was given the County and Circuit Courts, concurrently with the Chancery Court, to entertain the suit of a distributee or legatee "for the payment of his distributive share or legacy." There is, therefore, since the Code, a remedy at law for the recovery of a distributive share or legacy. So, by the Code the statutes of limitation operate upon the *cause* of action, and not upon the *form*.

Another and more important change in the law, as it existed at the time of the decisions referred to, was made by § 2776, which originated with the Code. This section contains the statute of limitation relied upon by the defendants in this cause, and it reads as follows:

"Actions against guardians, executors, administrators, sheriffs, clerks, and other public officers on their bonds, actions on judgments and decrees of courts of record of this or any other State or Government, and all other cases not expressly provided for, within ten years after cause of action accrued."

By the preceding section actions against the sureties on such bonds are barred in six years. The bond which an administrator gives covers every default in his duty as administrator. For failing to account, for a devastavit, or for failing to distribute as required by law, he may be sued upon his bond, and such suit will now lie either in law or equity. Complainants' counsel very earnestly insist that this is not a suit against the administrator upon his bond, and that therefore it is not such an action as is contemplated by the statute quoted. If it be conceded, for the sake of argument, that this is not a technical action upon the bond, then would complainants escape the operation of the statute? Since the line of decisions holding such a suit as this not to be within the statutes, the Legislature has so changed the statute law of the State, that, as we have seen already, there is now a remedy at law for the recovery of a distributive share. They have also so changed the statutes of limitation that they now operate upon the *cause* and not the *form* of action. These legislative changes go to the very basis upon which the decisions of this Court had been planted. The very ground upon which this Court held that the trust of an administration was not within the intent of the statutes of limitation has, by this legislation, been overthrown, and such suits thereby brought distinctly within the rule which makes applicable the statute of limitations in equity as in law, where there is a remedy at law concurrent

with chancery. But, more significant still is the fact that by the Code an action against the bond of an administrator is expressly barred in ten years. In view of this legislation, are we authorized to make a distinction between an action on the bond and one against the administrator personally for a devastavit, which is at last but a breach of a legal duty embraced within the terms of the bond? It would be a most extraordinary thing if the law were as insisted, and that a suit on the bond could be met and defeated by a plea of this statute; while if the litigant were wiser, and sued the administrator personally for a breach of the very duties covered by the bond, he would escape the operation of the statute. This would be to construe the statute as operating upon the form of the action rather than upon the cause. But the section under consideration is not limited, as implied by the insistence of counsel for complainants. It does not stop with barring suit upon the bond named therein; but, to cover all contingencies, the pregnant words are added: "*And all other cases not expressly provided for,* within ten years after the cause of action accrued." These words cannot be stricken from the statute. These words, taken in connection with the opening section of the article in which both are found—that "*all civil actions* other than those for causes embraced in the foregoing articles, shall be commenced after the cause of action has accrued, within the periods prescribed in this chapter, unless otherwise expressly provided"

(Code, § 2769)—indicate a legislative purpose and intent to prescribe a bar for all suits, whether specifically mentioned or not.

No reason exists for any strained construction of this statute that such suits may be entertained after such delay. There is no more sanctity about the demand of a distributee than is found in a vast number of the engagements arising from implied trusts, bailments, deposits, contracts, and judgments. What reason is there that, after a delay of ten years after right of action accrued—a delay not superinduced by fraud and concealment, or accounted for by legal disability—an exception should exist in the law in favor of such a claim, when many equally as meritorious are barred in a much shorter time? This Court did not base any exception in favor of such a suit upon any superior merit in such a demand, but alone upon grounds which have since been removed by legislation.

From all of these considerations we are led to the conclusion that the suit of a distributee for an accounting, or for a devastavit, or to recover a distributive share, is barred, unless brought within ten years; and this bar is as applicable in equity as at law, and as applicable to suits against the administrator upon the personal trusts arising from his office as to a suit technically on his bond.

The two cases cited as decided since the Code —*Taylor* v. *Walker*, 1 Heis., 740, and *Carr* v. *Lowe's Executor*, 7 Heis., 98—did not involve the construction of the section here construed, and this statute

was not called to the attention of the Court. They are not adjudications sustaining the position of complainants, in that the question here decided was not even considered by the Court. The right of action in favor of these complainants accrued, as to the assets then in the administrator's hands, at the time he was by law required to make distribution. Neither the pleadings or proof show the receipt of any assets by him within ten years next before the bringing of this suit.

Some of the complainants sue with their husbands as married women; but the bill is silent as to how long this disability has existed or when it begun. The proof is equally silent save as to Sarah, the wife of Wm. Hicks. She was born December, 1853, and was married in 1874. She was under the disability of infancy alone at the time the statute began to run, and the subsequent disability of coverture cannot be added to the original. She attained her majority in 1874, and is therefore barred. The burden is upon complainants to show that by reason of disabilities they are within the saving of the statute, which has otherwise barred their action. *Shropshire* v. *Shropshire*, 7 Yer., 165; *McClung* v. *Sneed*, 3 Head, 219; *Chaney* v. *Moore*, 1 Cold., 48.

The proof shows that Complainant R. L. W. Kerley, the youngest child of the decedent, was born February 11, 1858. He therefore reached his majority February 11, 1879. This suit was commenced in June, 1881. He has therefore filed his

bill within the saving of the statute, which is three years after the removal of his disability. The fact that his guardian is barred is no answer to his suit, and the bill, in so far as it seeks to recover his individual share, is in time. *Henley* v. *Robb*, 2 Pickle, 474. The statute is a bar to all the other complainants, none of them having shown such disability as brings them within the saving of the statute.

The next assignment of error is that the Chancellor directed the Master, in stating an account with the administrator, to take as the basis of the account the inventory and account of sales, and to credit the account by such claims as were shown not to have been lost by neglect, and by such disbursements as were properly made. This was error, in that the settlement made in 1869 in the County Court should have been made the basis of the account. This settlement, though not final, was, so far as it went, *prima facie* evidence in favor of the administrator. Code, § 2305. Although the allegations of the bill were sufficient to authorize complainants to surcharge and falsify the account, yet, upon a reference, the burden was upon the complainants to show by proof the incorrectness of the account they sought to surcharge and falsify by their bill. This decree of reference cast the burden upon the administrator to sustain his former settlement. The statute casts it, in all such cases, upon the attacking party. The decree of reference was likewise erroneous in directing

that the administrator should not be allowed credits for debts paid by him after lapse of the time within which he could be sued. If the debt was just, and the delay had been at the request of the administrator, then the payment would not be a devastavit. While the burden of proof is upon the administrator who pays a debt after the bar of the administrator's statute, yet, when it is sought to charge an administrator with a devastavit for paying a just debt after such bar, such strict proof will not be required to justify such payment as would be of a creditor in an action where he sought to recover on such a debt. We approve of what was said by this Court in *Puckett* v. *James*, 2 Hum., 568: That "if the executors felt that it was doubtful whether the creditor could recover, and knowing that the debt was a just one, and that they had induced him to delay by their request, it might be very proper for them to pay the debt. They would thus have avoided an expensive litigation, that might have resulted in a recovery of the debt at last, involving the estate in unnecessary costs, and themselves in dishonor."

The debts thus paid were allowed the administrator in his County Court settlement. The record is silent as to the circumstances under which they were delayed in payment, and equally so as to the showing made by the administrator, upon which he obtained these credits. Under these circumstances the settlement, after so great a lapse of time, ought not to be disturbed. The presumption

Alvis *v.* Oglesby.

arising from the settlement stands until overthrown; that the delay was at the request of the administrator.

The decree compounding interest against the administrator is erroneous upon the facts of this case. Nothing but very culpable conduct will justify the compounding of interest, and no such culpability exists as will authorize any such punishment upon the facts as they appear in this record.

The Master's report charged interest upon the entire sum with which the administrator was chargeable, but does not allow interest upon credits allowed him. This is gross error. His disbursements should have been credited on the principle of partial payments from the time they were made.

The bill will be dismissed as to all of the complainants save R. L. W. Kerley. All of the costs of this Court, and one-half the costs of the Chancery Court, will be paid by complainants, including R. L. W. Kerley, and the remainder will be paid by defendants, unless it should turn out that nothing is due the Complainant R. L. W. Kerley, in which event he will pay the remainder of the costs. The case will be remanded for an account to be taken upon the proof in the record, to ascertain the amount, if any thing, due to the complainant, R. L. W. Kerley, upon the principles here determined.

I do not concur as to the running of the statute of limitations in favor of the administrator as trustee of funds in his hands.        SNODGRASS, J.