### DEWEY et al. v. SEWANEE FUEL & IRON CO.

(Circuit Court, M. D. Tennessee, Nashville Division.    September 22, 1910.)

1. LIMITATION OF ACTIONS (§ 72*)—COMMENCEMENT—INFANCY.

Code Tenn. 1858, §§ 2763, 2764, as amended by Acts Tenn. 1895, c. 38, §§ 1, 2 (Shannon's Code §§ 4456, 4457), declares that any person having had seven years adverse possession of granted land under registered assurance of title, without any claim commenced within that time and effectually prosecuted against him, shall be vested with a good and indefeasible title to the land, and that the owner neglecting for the term of seven years to effectually prosecute his claim against the person in possession shall be forever barred.    Section 2757 (section 4448) provides that, if the person entitled to commence an action is at the time the cause of action accrued within the age of 21, he may commence the action after the removal of such disability within the time of limitation for the particular cause of action unless it exceed three years, and in that case within three years from the removal of the disability.    Held that, where the owner of land in possession of another was a minor, such disability did not prevent the initiation of adverse possession during minority, but only authorized suit within three years after he became of age, so that where the full seven years possession had terminated before the removal of the disability, the owner's right would be barred, unless suit was brought within three years after the termination of the disability, regardless of whether the adverse possession was continued or not.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 390–398;  Dec. Dig. § 72.*]

2. LIMITATION OF ACTIONS (§ 192*)—DISABILITY—REMOVAL—REPLICATION.

Code Tenn. 1858, §§ 2763, 2764, as amended by Acts Tenn. 1895, c. 38, §§ 1, 2 (Shannon's Code, §§ 4456, 4457), limit an action to recover real property against a person in adverse possession to seven years, and section 2757 (section 4448) provides that, if the owner is an infant, his action shall not be barred until three years after the disability is terminated.    Held that, where in ejectment defendant pleaded adverse possession, plaintiff's replication that she was an infant at the time the cause of action accrued, and that no right of action had accrued within seven years after the removal of the disability, was defective for failure to charge that the action was brought within three years after the disability was removed; the commencement of the action within three years being affirmative matter in avoidance of the plea which plaintiff was required to allege and prove.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 699–702; Dec. Dig. § 192.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

At Law. Ejectment by Maria G. Dewey and others against the Sewanee Fuel & Iron Company to recover possession of certain land in Grundy county, in the Middle District of Tennessee, alleged to be wrongfully withheld by defendant. On defendant's demurrer to plaintiff's third replication to the second and third pleas.

Chambliss & Chambliss, for plaintiff.

Burkett, Miller & Moore, for defendant.

SANFORD, District Judge. The defendant in its second plea in effect avers seven years adverse possession of the land in dispute under registered assurances of title, and pleads the statute of seven years barring the plaintiffs' right (sections 2763 and 2764, Code of Tennessee. Shan. §§ 4456, 4457, as amended by Act of 1895, c. 38, § 1); and in its third plea avers that the plaintiffs' cause of action accrued more than seven years before this suit was brought and pleads the statute of limitation of seven years barring the plaintiffs' remedy (section 2765 of the Code, Shan. § 4458).

The plaintiffs' third replication, filed to these two pleas, avers that the plaintiff at the time her right of action accrued against the defendant or those under whom it claims, was an infant, and before this disability was removed the defendant or those under whom it claims had abandoned such possessions as they then had, and that no right of action thereafter accrued in plaintiff's favor within less than seven years before the institution of this suit.

The ground of the demurrer is that the plaintiff does not aver in her replication that this suit was instituted within three years after her disability of infancy was removed.

Considering first the effect of the replication on the second plea, it will be seen that by not denying the averment of the plea that the defendants have had more than seven years adverse possession of the land, the replication in effect admits this averment (Caruther's Hist. Lawsuit [3d Ed.] 191), and seeks to avoid the effect of this adverse possession solely by the averment that during such adverse possession the plaintiff was under the disability of infancy and that the adverse possession was abandoned before the disability was removed; without, however, averring that this suit was brought within three years after the removal of such disability.

Code, §§ 2763 and 2764, which originated in the No. Car. Act of 1715, c. 27, §§ 2, 3, the Tennessee Act of 1797, c. 43, § 4, and the Tennessee Act of 1819, c. 28, § 1, provide as amended by the Act of 1895, c. 38, § 1, that any person having had seven years adverse possession of granted land under registered assurances of title, without any claim commenced within that time and effectually prosecuted against him, shall be vested with a good and indefeasible title to the land (section 2763) and that the owner, neglecting for the said term of seven years to effectually prosecute his claim against the person in possession shall be forever barred. Section 2764.

Code, § 2757, which is likewise brought forward from the same acts and the Tennessee act of 1823, c. 16, § 1, provides, however, that if the person entitled to commence an action is, at the time the

cause of action accrued, either within the age of 21 years or a married woman, or under other specified disabilities, such person, or his representatives and privies "may commence the action after the removal of such disability within the time of limitation for the particular cause of action, unless it exceed three years, and in that case within three years from the removal of such disability."

The direct question is thus presented by the demurrer, whether under the foregoing provisions of the Tennessee statutes, adverse possession of land whose owner is under disability commences to run immediately and bars the owner's right, vesting title in the possessor, unless suit is brought by the owner within three years after the disability is removed; or whether, on the other hand, such adverse possession is wholly ineffective during the disability of the owner and commences to run in bar of the owner's right only when the disability is removed, operating then, if continued, to bar the owner's right in not less than three years thereafter. Under the first theory if the seven years adverse possession were complete before the disability was removed, the owner's right would nevertheless be barred unless suit were brought within three years thereafter, regardless of whether the adverse possession were continued after the removal of the disability; on the other theory there would be no adverse possession whatever to bar the owner's right, unless it were continued after the removal of the owner's disability.

After careful consideration I am of the opinion that the demurrer is well taken for the following reasons:

[1] 1. It is well settled, under repeated decisions of the Supreme Court of Tennessee involving the effect of section 2757 of the Code relating to the bringing of actions by persons under disability at the time a right of action accrues, and the previous acts in which this section is originated, that the statutory provisions in bar of their suits, runs against them, as against other persons, during their disability, subject only to the saving provision giving them an additional period of three years after which the disability is removed in which they may bring suit and avoid the bar. Guion v. Bradley Academy, 4 Yerg. (Tenn.) 232, 252; Guion v. Anderson, 8 Humph. (Tenn.) 298, 326; Stevens v. Bomar, 9 Humph. (Tenn.) 546, 550; Murdock v. Johnson, 7 Cold. (Tenn.) 605, 619; Patton v. Dixon, 105 Tenn. 97, 102, 58 S. W. 299.

The leading case of Guion v. Bradley Academy is conclusive of the proposition that adverse possession runs against a person under disability and in bar of the right of action, unless brought within the saving period reserved by the statute. In that case adverse possession was taken by one Burton of the lands of Mrs. Guion, a married woman. Four years afterwards she died, and her title descended to her son, a minor. The adverse possession was continued and sixteen years thereafter, immediately on coming of age, the son brought suit. It was held that under the Acts of 1715 and 1797, the son's action was barred by the statute three years after his mother's death. Catron, Chief Justice, delivering the opinion said:

"All, and all manner of persons are barred by the terms of the enacting clause. To this sweeping provision no exceptions can be made by the courts;

such as exist must be found in the statute. Does the fourth section exempt infants and femes covert from the operation of the act? Clearly not. The act runs against them because they have only three years allowed them to sue after full age of discoverture. The act does its office prima facie in seven years, but the privilege to sue, during the infancy and coverture, and three years thereafter, is reserved to such persons. * * * As to femes covert, infants, etc., when the act of limitations begins to run, it runs on; if the seven years run out, and the feme covert or infant die, no descent of the land or right of action is cast on the heir more than if the ancestor had been discovert or adult, during the whole seven years. So in this case, where Mrs. Guion died after the act commenced its operation, and died covert, the act run on against her heir, the lessee of plaintiff, although a minor: and at the end of seven years, completed and confirmed the title of Burton, under and by virtue of the enacting clause. Had Mrs. Guion lived, and at the end of four years after Burton's possession commenced, become discovert, and then three years more had run for Burton, she would not have had other three years to sue, but would have been barred, although covert for four years of the seven, because the statute had run against her for seven years, and she had been discovert three. The enacting clause had done its office for Burton, and she had all the time the exception to it allowed her."

In Stevens v. Bomar, supra, the court said:

"So soon as a right of action accrues, the statute of limitations commences running against an infant, or feme covert, and by the saving of the statute they are allowed to sue in three years after the disability is removed."

In Murdock v. Johnson, supra, the court said:

"When the statute begins to run, it runs against a married woman as well as her husband and both would be barred in seven years, were it not for the saving in the act."

In Patton v. Dixon, supra, in which at the time the adverse possession began, the land was owned by the complainant's mother, who was then under the disability of coverture, the court said:

"The statute then began to run against the mother. She and her husband had a joint right of action. If she had survived him, she would have had a separate right of action after discoverture. In the former case, seven years would have barred the joint action; on the latter, three years after discoverture would have barred the separate action of the wife, provided seven years had elapsed from the original adverse possession."

And see Jackson v. Crutchfield, 111 Tenn. 394, 402, 77 S. W. 776, in which it is said that the three years allowed by section 2757 to a person under disability "were intended as years of grace, in a sense."

While it is true that in none of the foregoing cases are the facts precisely similar to those now prescribed, yet their reasoning I regard as conclusive, necessarily involving, as it does, the idea that the period of limitation runs against a person under disability from the moment cause of action arises upon which he would sue, just as against another person, subject only to the saving clause allowing three years of grace in which to bring action after the disability has terminated.

And since the effect of seven years adverse possession under the statute in question is to draw the title of the owner and vest it in the adverse possessor (Guion v. Anderson, 8 Humph. [Tenn.] 298, 326; Earnest v. Land & Lumber Co., 109 Tenn. 427, 75 S. W. 1122), it follows that when the adverse possessor has had seven years adverse possession of land of a person under disability the title is thereby vested

in the adverse possessor subject only to be divested in case action is. brought by the owner within three years after the disability is removed; otherwise the title becomes absolute and a subsequent abandonment of the possession can clearly have no effect·upon the title or operate to revest it in the original owner.

[2] 2.· As it was necessary, in order to bring the plaintiff's case within the saving clause of the statute, that the suit should have been brought within three years after her disability of infancy was removed, her replication is therefore defective in failing to contain such averment, this being affirmative matter in avoidance of the pleas, which the plaintiff must both aver and prove. See Shropshire v. Shropshire, 7 Yerg. (Tenn.) 165; Chaney v. Moore, 1 Cold. (Tenn.) 48, 50; Alvis v. Oglesby, 87 Tenn. 172, 182, 10 S. W. 313, in which the decisions show the necessity for proof by the plaintiff of matters in avoidance of the plea of the statute of limitations, and hence, of course, as a consequence, the necessity of pleading them. Thus, in Alvis v. Oglesby, supra, the court said: "The burden is upon the complainants to show that by reason of disabilities they are within the savings of the statute, which has otherwise barred their action."

And in McClung v. Sneed, 3 Head (Tenn.) 219, 222, it was specifically held on demurrer, that where it appeared on the facts of complainant's bill that the land sought to be recovered had been adversely held for more than seven years under assurances of title, so as to confer prima facie a good title on the possessor by force of the statute of limitations, if the complainant meant to avoid this apparent bar by any of the disabilities contained in the proviso of the statute, it was incumbent on him to allege in the bill the existence of such disabilities at the time cause of action began, and such continued existence as to show that complainant's rights had not been defeated by the statute.

And see Caldwell v. Hodsden, 1 Lea (Tenn.) 306, 307.

3. The questions arising in reference to the effect of the replication to the defendant's third plea in bar of the plaintiff's remedy are similar, and must receive like answers.

4. Judgment will accordingly be entered sustaining the demurrer to the replication.