Tindell v. Robbins.

C. S. TINDELL *v.* J. ALBERT ROBBINS.

(*Knoxville.*   September Term, 1916.)

1. **COSTS.   Judgment against successful party.   Motion.**

Under Shannon's Code, sections 4945, 4946, providing that all costs accrued at the instance of the successful party, which cannot be collected out of the other party, may be recovered, on motion, by the person entitled to them, against the successful party, and requiring five days' written notice of the motion to be given to defendant in the motion, such a motion must be made in the particular court in which the costs accrued, and in which the suit was filed wherein the costs sued for arose. (*Post, pp.* 323, 324.)

Cases cited and approved:   Stuart v. McCuistion, 48 Tenn., 427; Lefeber v. Railroad, 92 Tenn., 165.

Code cited and construed:   Secs. 4995, 4946 (S.).

2. **COSTS.   Judgment over on motion.**

Under such statutes, judgments upon motions for judgment over for costs must have all the requisites of other judgments by motion, and are based upon the facts shown by the documents and records filed in the causes in which the costs accrued, the issue of an execution against defeated party, a sufficient return thereon showing search and want of property, and the right of applicant to such judgment over. (*Post, pp.,* 323, 324.)

FROM KNOX.

Appeal from the Circuit Court of Knox County to the Court of Civil Appeals, and by *certiorari* to the

136 Tenn.—21

Court of Civil Appeals from the Supreme Court.—
Von A. Huffaker, Judge.

Jesse L. Rogers, for plaintiff.

Maynard & Lee, for defendant.

Mr. M. G. Evans, Special Judge, delivered the
opinion of the Court.

The question in this case is whether a motion for
judgment over for costs may be made in the court
of a different justice of the peace than that in which
the costs accrued.  At the present term we have had
before us several cases involving this same question,
in all of which the procedure under our statutes
seems to be misunderstood.

In this case the plaintiff in error, a deputy sheriff,
filed a motion for judgment over against defendant
in error for certain costs which had accrued at the
latter's instance in cases filed before other justices
of the peace than the one before whom the motion
for judgment over was made.  The case was carried
to the circuit court of Knox county by appeal, and
that court dismissed the plaintiff's action upon the
ground that the justice of the peace before whom the
motion was filed had no jurisdiction.  This judgment
of the circuit court was affirmed by the court of civil
appeals, and the case is here upon petition for
*certiorari.*

Tindell v. Robbins.

The plaintiff in error relies, in his petition and brief, upon section 4945 of Shannon's Code, which is as follows:

"All costs accrued at the instance of the successful party, which cannot be collected out of the other party, may be recovered, on motion, by the person entitled to them, against the successful party."

Also upon section 4946, which is as follows:

"In all cases, when motions are made against the successful party for costs accrued, at his instance, and which cannot be collected from the other party, five days' written notice of the time and place, and the court before which said motion is to be made, shall be given to the defendant in said motion."

We are of opinion that a motion for judgment over, under the foregoing sections, must be made in the particular court in which the costs accrued, and in which the suit was filed wherein the costs sued for arose. The motion for judgment over in such cases is a summary action, and the court wherein the costs accrued has the court papers of the particular case before him, with the execution which issued, the *nulla bona* return thereon, and the other facts of the case. It is well settled that judgments upon motions for judgment over for costs must have all the requisites of other judgments by motion, and are based upon the facts shown by the documents and records filed in the causes in which the costs accrued, the issue of an execution, a sufficient return thereon showing search and want of property, and the right

of the applicant to such judgment over. *Stuart* v. *McCuistion,* 48 Tenn. (1 Heisk.), 427; *Lefeber* v. *Railroad,* 92 Tenn., 165, 20 S. W., 978.

For the reasons stated, there was no error in the judgment of the circuit court, nor of the court of civil appeals, and the judgment of the latter court is therefore affirmed, with costs.