CLARENCE V. JACKSON *v.* BESSIE E. A. DOBBS.*

*(Knoxville.* September Term, 1926.)

Opinion filed, December 13, 1926.

## 1. DAMAGES. Death. Compromise by widow. Rights of child.

Under sections 4025, 4028, Shannon's Code, a widow may prosecute a suit in her own name, for the tortuous death of her husband, for use and benefit of herself and children, the recovery to be distributed as personalty of deceased, free from the claims of creditors. (Post, p. 604.)

Cases cited: Throgmorton v. Oliver, 144 Tenn., 282; Haynes v. Walker, 111 Tenn., 107; Loague v. Railroad, 91 Tenn., 461; Collins v. Railway, 56 Tenn., 84.

Semble. Upon principle, the right to prosecute such action would, ordinarily authorize the widow to make a **bona-fide** settlement by way of compromise. (Post, p. 605.)

Cases cited: Throgmorton v. Oliver, supra; First National Bank v. Union Ry. Co., 284 S. W., 363.

## 2. SAME. Same. Same. Same. Statute of limitations.

Upon the compromise of widow and payment to her, for the tortuous death of husband, such widow is not an express trustee of child, entitled to share in the recovery; and an action for the recovery of a distributable share by child must be brought within six years after attaining his majority, to prevent the operation of the Statute of Limitations, if relied upon by the mother. (Post, p. 607.)

## 3. TRUSTS. Not technical. Statutes of limitations.

In courts of equity the rule is, that the Statutes of Limitations are applicable in every case in equity, when the trust is not a technical one, of which, courts of equity, alone, take cognizance. (Post, p. 609.)

Code cited: Shannon's Code, sections 4470, 4472, 4473.

Cases cited: Alvis v. Oglesby, 87 Tenn., 178; Boyd v. Lee, 80 Tenn., 78; Bank of Gallatin v. Baber, 74 Tenn., 279; Haynie v. Hall's Executor, 24 Tenn., 291; Lafferty v. Turley, 75 Tenn., 173; Arm-

strong v. Campbell, 3 Yer. (111 Tenn.), 200; Peebles v. Green, 6 Lea (74 Tenn.), 471; Dougherty v. Maxwell, 6 Humph. (25 Tenn.), 446.

Texts cited: Story's Eq., sec. 980; Ang. on Lim., 163, sec. 3, 2 Story Eq. Jur., sec. 980; Nicholson & Caruthers, 251.

**4. SAME. Same. Same. Fraud.**

The Statutes of Limitation is absence of fraudulent concealment, applies to implied or constructive trusts. (Post, p. 612.)

Cases cited: Haynie v. Hall, 5 Humph. (24 Tenn.), 290; Hevenden v. Auvesley, 2 Sch. and Lef., 633; Beckford v. Wade, 17 Ves., 97; Perry on Trusts, sec. 865.

---

*Headnotes 1. Death, 17 C. J., section 119; 2 Limitation of Actions, 37 C. J., section 147; Trusts, 39 Cyc., p. 24; 3. Limitation of Actions, 37 C. J., section 270; Trusts, 39 Cyc., p. 24; 4. Limitation of Actions, 37 C. J., section 423; 5. Limitation of Actions, 37 C. J., section 270.

---

FROM HAMILTON.

---

Appeal from Chancery Court of Hamilton County.— HON. W. B. GARVIN, Chancellor.

COOKE, SWANEY & COOKE, for plaintiff.

W. A. SCHOOLFIELD and J. H. McLEAN, for defendant.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

This is a suit by a son to recover from his mother his distributive share of a fund which she received, by way of compromise, for the wrongful death of her husband and his father.

Paul Baxter Jackson was accidentally killed on August 23, 1915, while engaged in the performance of his duties as an employee of the Casey-Hedges Company. He was survived by his widow, the defendant, Bessie E. A. Jackson, who subsequently remarried, and by an only child, the complainant, Clarence V. Jackson.

On August the 31st, 1915, the defendant, acting for herself as widow, and for the complainant, as only child, who was at that time a minor nineteen years of age, entered into a written compromise or settlement expressly purporting to act not only for herself but for complainant and to bind him, by which she received $2,000 in settlement for the wrongful death of her husband.

The original bill in this cause was filed on February the 20th, 1924, to recover one-half of said sum, which the chancellor decreed to complainant, less some small credits, not necessary to enumerate. The defendant has appealed and insists that the decree is erroneous, and that her plea of the Statute of Limitations of three or six years should have been sustained, depending upon whether the action be treated as one in tort, or one for the breach of a contract, a question not necessary to decide here since the suit was commenced more than six years after the accrual of the cause of action.

It seems to be conceded, and such are the decisions of this court, that under sections 4025-4028 of Shannon's Code the widow has a right to prosecute a suit in her name, for the use and benefit of herself and children, the recovery to be distributed as the personal estate of the deceased, free from the claims of creditors. *Throgmorton* v. *Oliver,* 144 Tenn., 282; *Haynes* v. *Walker,* 111

Tenn., 107.; *Loague* v. *Railroad,* 91 Tenn., 461; *Collins* v. *Railway,* 56 Tenn., 84.

Upon principle it would seem that the right to prosecute such an action would, ordinarily, authorize the widow to make a *bona-fide* settlement, by way of compromise. *Throgmorton* v. *Oliver,* supra; *First National Bank* v. *Union Ry. Co.,* 284 S. W., 363.

No question is made as to this right.

Generally speaking, trusts may be divided into two classes, express trusts and trusts arising by operation of law.

The Statutes of Limitation of three, six and ten years, as set forth in Shannon's Code, are as follows:

Section 4470. "Actions for injuries to personal or real property.; actions for the detention or conversion of personal property, within three years from the accruing of the cause of action."

Section 4472. "Actions for the use and occupation of land and for rent; actions against the sureties of guardians, executors, and administrators, sheriffs, clerks, and other public officers, for nonfeasance, misfeasance, and malfeasance in office; actions on contracts not otherwise expressly provided for, within six years after the cause of action accrued."

Section 4473. "Actions against guardians, executors, administrators, sheriffs, clerks, and other public officers on their bonds, actions on judgments and decrees of courts of record of this or any other State or Government, and all other cases not expressly provided for, within ten years after the cause of action accrued."

The last quoted statute originated with the Code of 1858, and expressly bars suits against executors and ad-

ministrators for legacies and distributive shares. *Alvis* v. *Oglesby,* 87 Tenn., 178.

It is insisted by complainant that the present cause is controlled by the clause: "and all other cases not expressly provided for."

All trusts arising by operation of law; that is, implied or constructive trusts, fall within the statute of six years. *Alvis* v. *Oglesby,* supra; *Boyd* v. *Lee,* 80 Tenn., 78; *Bank of Gallatin* v. *Baber,* 74 Tenn., 279.

We here quote from former decisions of this court, shedding light on the question here involved, as follows:

In *Haynie* v. *Hall's Executor,* 24 Tenn., 291, the court said:

"But it is argued, and so the chancellor thought, that as regards the money legacy due the complainants from their grandfather's estate, and which it is assumed their father received in 1805, the Statute of Limitations does not apply; that he held the money as a trustee of such character that a court of equity will not permit him to rely on the lapse of time. The Statute of Limitations prescribes that certain forms of action shall be barred within the times limited, and, therefore, in its terms, it does not apply to courts of equity; but the courts of chancery, both of Great Britain and this country, have uniformly held that in cases where any remedy exists at law, if a court of chancery gains jurisdiction of a cause, the time fixed in the statute as a bar to the action at law will also be a bar to a bill in chancery. All that class of trusts, therefore, that become such by matter of evidence, where a party takes possession in his own right, are equally subject to the operation of the Statute of Limitations in courts of equity, as would be the corresponding actions

prosecuted in a court of law. But in express or direct trusts, created by the contract of the parties, the Statute of Limitations does not operate. In such cases the trustee takes possession, and holds for another. His possession is the possession of that other, and there can be no adverse holding until the trustee denude himself of his trust, by assuming to hold for himself, and notifies the *cestui que trust* of his treachery. In these cases no action at law can be maintained. The remedy is only in a court of equity. The Statute of Limitations, therefore, has no application to them. Apply these principles to the case before us. The complainants are entitled to a sum of money, in North Carolina, by the will of their grandfather. Their father procures the executor of Humphreys' will to pay this money to him. Now, in receiving it, how does he become a direct or express trustee? He stood in no legal relation to the parties by which he was entitled to receive it, as an executor, administrator, or guardian does; on the contrary, he was their self-constituted agent. He received the money by wrong, and held it in his own right.

"But, having possessed himself of the money of these complainants, they had a right of action against him to recover it, and might have sued him, at law, for money had and received."

In *Lafferty* v. *Turley*, 35 Tenn., 173, it was held, following previous decisions cited, that an administrator was an express trustee. The court, in its opinion, said:

"Express trusts are those created by the direct and positive acts of the parties, by some writing, deed, or will (Story's Eq., sec. 980); or by the action of a court in the exercise of its authority to appoint executors and

administrators. This extension of the definition of Story is authorized by the foregoing decisions. Ang. on Lim. 163, sec. 3. But the trusts in such cases are declared by bond taken by the court, for faithful performance, in addition to the order of appointment. 'This,' says Angell, 'is the most common mode of creating a trust not cognizable by law, and they are simply and technically trustees.' Id., 163.

"For this case, it is not necessary to consider whether the definition might not be still further enlarged so as to cover other cases."

In *Bank of Gallatin* v. *Baber,* supra, the court said:

"In this view, the first petition assumed on behalf of the complainants is that the county trustee, upon the receipt of funds, becomes an express trustee for the creditor, and that there is no Statute of Limitations in such case. But express trusts, to which the statute does not apply, are those which are created by the direct and positive act of the parties by some writing, or deed, or will: 2 Sto. Eq. Jur., sec. 980; Perry on Trusts, sec. 24; *Armstrong* v. *Campbell,* 3 Yer., 200. To these cases the courts of this State have added the trusts of an executor or administrator to the legatees or distributees: *Lafferty* v. *Turley,* 3 Sneed, 158. The statute, in the absence of fraudulent concealment, applies to implied or constructive trusts. *Haynie* v. *Hall,* 5 Hum., 290; *Hevenden* v. *Auvesley,* 2 Sch. and Lef., 633; *Beckford* v. *Wade,* 17 Ves., 97; Perry on Trusts, sec. 865."

In *Boyd* v. *Lee,* supra, it was said:

"It is argued that an executor *de son tort* occupies a fiduciary relation, and that the statute does not run in his favor. But the only trusts which are not protected

by the statute are express trusts created by contract or the trusts growing out of the relation of a legal personal representative to legatees or distributees. The statute applies to implied or constructive trusts, and to rights of action as to which the courts of law and equity have concurrent jurisdiction: *Peebles* v. *Green,* 6 Lea, 471; *Bank of Gallatin* v. *Baber,* 6 Lea, 273, 279."

In *Alvis* v. *Oglesby,* supra, the court said:

"The sound and well-settled rule in courts of equity is that the Statutes of Limitation are applicable in every case in equity, when the trust is not a technical one, of which courts of equity alone take cognizance. The doctrine, as stated by Chancellor KENT in *Kane* v. *Bloodgood,* 7 Johns. Ch. Rep., ——, is 'that the trusts intended by the courts of equity not to be reached or affected by the Statutes of Limitation are those technical and continuing trusts, which are not cognizable at law, but fall within the proper, peculiar, and exclusive jurisdiction of this court.' See, also, *Peebles* v. *Greene,* 6 Lea, 471, where Judge McFARLAND clearly discusses this question.

"Down to the enactment of the Code in 1858, there was no remedy at law against administrators in behalf of a distributee or legatee for the recovery of a distributive share or a legacy. The cases already referred to so expressly decide. The Act of 1762, which was the only statutory remedy given a legatee or distributee, provided that the suit should be brought by petition in the chancery court. Statutes of Nicholson & Caruthers, 251. That there was no remedy in the circuit court was expressly decided in *Dougherty* v. *Maxwell,* 6 Hum., 446. So continued the law until the Code, when, by section 2312, jurisdiction was given the county and circuit courts, concur-

154 Tenn.—39.

rently with the chancery court, to entertain the suit of a distributee or legatee. 'for the payment of his distributive share or legacy.' There is, therefore, since the Code, a remedy at law for the recovery of a distributive share or legacy. So, by the Code the Statutes of Limitation operate upon the cause of action, and not upon the form.''

A technical trust is thus defined in Anderson's Law Dictionary:

"An obligation arising out of a confidence reposed in a person to whom the legal title of property is conveyed, that he will faithfully apply the property according to the wishes of the creator of the trust.''

Necessarily only a court of chancery is clothed with jurisdiction to enforce such a trust, and in such case the three- and six-year statutes have no application.

It will be noted from the foregoing decisions that in this State express trusts, to which the Statutes of Limitation do not apply, have been limited to those created by the direct and positive acts of the parties by some writing, or deed or will, and to trusts growing out of the relation of a legal personal representative to legatees or distributees.

Clearly the trust set up in the bill in this cause falls in neither of these classes.

As pointed out in *Lafferty* v. *Turley,* supra, an administrator or an executor is an express trustee by virtue of his order of appointment, and the bond taken by the court for the faithful performance of his trust. In other words, he is expressly made a trustee although not denominated such in the order or the bond.

It was, at least, inferentially held in *Alvis* v. *Oglesby,* supra, that, after the Code provision of 1858, authorizing a legatee or distributee to sue at law, the six-year statute would have applied in such case but for the further provision extending the limitation, as to them, to ten years.

Treating the present suit as one for breach of contract, we see no reason why the six-year statute should not be applied.

The complainant's cause of action accrued August the 31st, 1915. He could have recovered his distributive share at law any time after that date, but deferred doing so for nine years. He was only under the disability of infancy two years.

Here we have a suit, based upon an implied contract, enforcible at law, in which the complainant waited more than six years, after attaining his majority, to institute his suit.

Certainly his mother was not an express trustee created by contract of the parties, or by deed or will.

In *Loague* v. *Railroad,* supra, it was held that a widow prosecutes a suit of this character as *quasi*-trustee, the recovery to be distributed as the personal estate of the deceased.

Even though it be conceded that the Legislature can create an express trust, and that the statutes, authorizing the widow to maintain a suit of this character for the benefit of herself and children, contemplated that the widow should become an express trustee for her children, since the trust was not technical and continuing in character, but one enforcible at law, we hold that the Statutes

of Limitation of three or six years applies, and that the complainant's claim is barred.

The statement of Chief Justice CATRON in *Armstrong v. Campbell*, 11 Tenn., 231 (approved in *Alvis* v. *Oglesby*, supra,), is particularly applicable:

"Courts of equity, equally with courts of law, are bound by the Statutes of Limitations, in all the varieties of bailments, loans, pawns deposits, etc., although express trusts, where there are convenient remedies in cases at law, or by bill in equity."

It follows that the decree of the chancellor will be reversed and the bill of complainant dismissed at his cost.