HERRELL *et al. v.* SIMPSON *et al.*

(*Knoxville,* September Term, 1939.)

Opinion filed November 25, 1939.

HARTMAN, LOCKWOOD & CARSON, of Knoxville, for complainants.

NORMAN B. MORRELL, HAL H. CLEMENTS, JR., JOHN W. GREEN, J. A. FOWLER, W. T. KENNERLY, CHAS. G. KELLY, JAMES G. JOHNSON, JOHN M. KELLY, and J. PIKE POWERS, JR., all of Knoxville, and HENRY C. FOUTCH, Assistant Attorney-General, for defendants.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This suit was brought by four justices of the peace for Knox County challenging the constitutionality of Chapter 54 of the Private Acts of the General Assembly of Tennessee for 1939, creating a Court of General Sessions of three Divisions for Knox County and praying for a declaratory judgment. The defendants are the three Judges of this newly created Court appointed by the Governor under the provisions of the Act; also the Clerk of the Circuit Court, upon whom has been placed the duty of acting as Clerk of the General Sessions Court, and the Sheriff, County Judge and County Trustee of Knox County.

The validity of this legislation was challenged in the original bill and amendments thereto on various grounds. Demurrers were interposed and sustained by the Chancellor and the bill dismissed, the decree upholding the challenged Act.

In this Court the controversy has narrowed, so that but three questions raised by the assignments of error need be considered: (1) That the Legislature was without power to divest complainants of their right to perform judicial functions pending the running of the six year terms to which they had been duly elected; (2) that the change in the judicial system whereby these functions of the Justices of the Peace of the County were transferred to the Court of General Sessions was a colorable and not a real change; and (3) the novel proposition is advanced that the rejection by the Legislature on a former day of the session of an "Act to create a General Sessions Court for Bedford County, Tennessee", deprived the Legislature of the right to enact a bill creating such a Court for Knox County, the charge being that Section 19 of Article 2 of the State Constitution was violated.

The Chancellor found that the Act herein challenged is practically identical with Chapter 12 of the Private Acts of 1937, which created a similar Court for Davidson County, and he cited and properly followed as controlling the opinion of this Court in *Hancock* v. *Davidson County*, 171 Tenn., 420, 104 S. W. (2d), 824, 829, sustaining the validity of that Act. As well said by the Chancellor, the determinative questions involved in this case and relied on by counsel for the complainants are concluded and answered by the action of the Court in upholding the constitutionality of the Davidson County Act.

In *Hancock* v. *Davidson County*, Mr. Chief Justice GREEN, in concluding his learned opinion, said: "*Prescott* v. *Duncan*, 126 Tenn., 106, 137, 148 S. W., 229, very elaborately considers the constitutional prerogatives of the justice of the peace and shows that they are

very few—that his jurisdiction and powers are largely subject to the will of the Legislature."

It is perhaps true that two of the questions specifically made in the instant case were not directly dealt with in the opinion in the Davidson County case, (1) that the legislation was colorable, and (2) that the Act was passed in violation of Section 19 of Article 2 of the Constitution. Neither of these questions appear to have been raised. We think there is no merit in either contention. We think it unnecessary to review our cases dealing with this question of colorable legislation enacted merely for the purpose of ousting officials from public office and substituting others. This legislation is so clearly fundamental it is changes, and also bears upon its face so clearly the stamp of a purpose to expedite the disposition of litigation of the classes dealt with and save costs that it is not possible to conceive that the purpose alleged could have actuated the legislation.

With respect to the second proposition, heretofore referred to as "novel", we are utterly unable to stretch the constitutional provision invoked so as to give it application to a situation such as we have before us. This provision of the Constitution reads as follows: "After a bill has been rejected, no bill containing the same substance shall be passed into a law during the same session." Counsel for appellants frankly concede that they have been unable to find any reported case in point and remark that "We believe the proposition has never been passed upon". They further concede that the Act under consideration is a "local law". This concession carries with it, in effect, a recognition of a principle which is determinative of the question made, that is, that the right or power to enact local laws implies a distinction in the requirements of various local territories.

It is a recognition that the conditions in Knox County may be altogether different from the conditions in Bedford County, and that a bill that provides for the administration of the affairs of the one County, in one or more particulars, may be called for and be desirable legislation, when this would not be true of another county. The subject dealt with is, therefore, wholly different when the county dealt with is not the same. Obviously, therefore, the ''substance'' of the two bills is not the same when two different local territories are dealt with, despite the fact that the provisions of the bills introduced are otherwise identical, or practically so. It would hardly be said that a bill to remove the disqualifications of one person named therein was subject to the inhibition of the constitutional provision invoked because a bill identical in its terms, but naming another person, had previously been rejected at the same session. The person, or the locality, dealt with is an essential part of the ''substance'' of the bill.

We find no error in the decree of the Chancellor. His decree is affirmed and the constitutionality of the challenged Act is declared.

MR. SPECIAL JUSTICE KENNERLY did not participate in the decision of this case.