Morris Plan Bank *v.* Scott *et al.*

(*Knoxville,* September Term, 1940.)

Opinion filed November 23, 1940.

WORD, DYE & WORD, of Knoxville, for plaintiff in error.

HENRY HUDSON and RONALD HAIL, both of Knoxville, for defendants in error.

MR. JUSTICE DEHAVEN delivered the opinion of the court.

This is a motion under Code, section 9098, against the Morris Plan Bank, the successful party in the various suits set out in the motion, for costs accrued at its instance, and which could not be collected from the unsuccessful party, against whom the costs were taxed.

All of the suits in question were brought by the Morris Plan Bank, against various parties, before J. H. Scott,

Justice of the Peace for Knox County, and judgments thereon were recovered by Morris Plan Bank for various sums, including the costs. Upon executions issued, *nulla bona* returns were made thereon in each case.

There are thirty-seven cases involved in this motion, the first judgment being dated September 30, 1930, and the last July 17, 1935.

The motion herein was filed in the court of general sessions of Knox County on February 9, 1940, and the notice required by Code, section 9099, was duly given the Morris Plan Bank. In addition to defenses plead orally, the Morris Plan Bank filed a written plea of the six-year Statute of Limitations.

On the hearing, the court of general sessions sustained the plea of the Statute of Limitations as to costs sought to be recovered in thirty-one cases, but allowed a recovery in six cases, to the total amount of $29.75. From this judgment, the plaintiffs appealed to the second circuit court of Knox County, where the motion was heard upon a written stipulation of facts and judgment over against the Morris Plan Bank was awarded plaintiffs in all of the cases, save one, in the total sum of $256.50.

From this judgment, the Morris Plan Bank has appealed to this court and assigned errors, which taken together make three questions:

(1) The trial judge disallowed the plea of the six-year Statute of Limitations. Appellants complain that this was error. In all of the cases on which the motion is based, except the last three, the judgments for costs against defendants therein was rendered more than six years before the filing of the motion.

██ No period of limitation is expressly provided by our statutes applicable to the motion allowed by Code, section 9098, hence the period of limitations is ten years.

Code, section 8601, provides that actions against guardians, executors, administrators, public officers on their bonds, actions on judgments, "and all other cases not expressly provided for, shall be commenced within ten years after the cause of action accrued." As said in *Alvis* v. *Oglesby,* 87 Tenn., 172, 180, 10 S. W., 313, 316, "These words [and all other cases not expressly provided for], taken in connection with the opening section of the article [Code 8592] in which both are found, that 'all civil actions, other than those for causes embraced in the foregoing article, shall be commenced after the cause of action has accrued, within the periods prescribed in this chapter, unless otherwise expressly provided' (Code, section 2769), indicate a legislative purpose and intent to prescribe a bar for all suits, whether specifically mentioned or not."

The word "action" as used in the chapter of the Code relating to limitation of actions includes motions as expressly provided by section 8578.

We hold therefore, that the motion against the successful party to recover costs accrued at his instance, which cannot be collected out of the other party, as provided by Code, section 9098, is not barred, under Code, section 8601, until ten years after the legal right to make such motion has accrued.

(2) It is complained under one of the assignments of error that the general sessions court of Knox County and the second circuit court of Knox County were without jurisdiction to hear and determine the motion here in question. The contention is that under Code, sections 9098 and 9099, the motion could be made only in court of the justice of the peace in which the costs accrued. *Tindell* v. *Robbins,* 136 Tenn., 321, 189 S. W., 684. By chapter 54, Private Acts 1939, the Legis-

lature created for Knox County the court of general sessions and divested justices of the peace of Knox County of jurisdiction and authority in civil and criminal cases. Among other things the act provides:

"Section 17. Be it further enacted, That at the time this Act becomes effective all of the official dockets and records and papers in cases that are disposed of or that are undisposed of and pending, belonging to Justices of the Peace or former Justices of the Peace of said County, shall be delivered to the General Sessions Court as the successor of the said Justices of the Peace. Papers in cases that are undisposed of and pending in the offices of the Justices of the Peace shall be distributed between the three divisions of the court with an equal distribution as practicable.

"Second 18. Be it further enacted, That said court shall have authority to hear and determine all undisposed of cases pending in the courts of Justices of the Peace of Knox County as if such cases had originated in said Court of General Sessions, and shall have power to issue executions on judgments rendered by Justices of the Peace."

The constitutionality of Chapter 54, Private Acts 1939, was upheld in the case of *Herrell et al.* v. *Simpson et al.*, 175 Tenn., 154, 133 S. W. (2d), 463. It is perfectly clear that under this act the court of general sessions had jurisdiction to hear and determine the motion here in question.

(3) It is complained that the justice of the peace and officers cannot recover the costs in question because the justice of the peace wholly failed to comply with the requirements of Code, section 10144, with reference to the itemizing and taxing of costs in words and figures on his execution docket. A copy of the dockets in the cases

involved was filed as an exhibit to the stipulation. Section 10145 of the Code provides that a substantial compliance with the requirements of section 10144 is sufficient. An examination of the entries shown in the exhibit discloses, we think, a substantial compliance with the statute as to the costs involved, except as to returns of the officers on execution, the officers' costs as to which are not here involved.

We find no error in the judgment of the trial judge, and the same is therefore affirmed. The costs of this court will be paid by appellant.