CRAWFORD *v.* ROBINSON *et al.*

(*Knoxville,* September Term, 1949.)

(May Session, 1950.)

Opinion filed June 9, 1950.

Rehearing denied July 15, 1950.

WHITE & LEONARD, of Knoxville, for appellant.

GRIMM & TAPP and ANDERSON & ANDERSON, of Knoxville, for appellees.

Mr. Justice Prewitt delivered the opinion of the Court.

This appeal results from a decree of the Chancellor sustaining a demurrer of the defendants to the original bill filed herein. The suit involves the administration of an estate, and the question presented is whether the ten-year statute of limitations applies.

The first ground of the demurrer is that the cause of action, if any, set out in the bill is barred by the statute of limitations of ten years from the time the cause of action accrued. The original executors qualified on September 19, 1937.

Section 8244, 8329 and 8335 of Williams' Code provide that the personal representative shall not take or hold in his hands any more of the deceased's estate than amounts to his necessary charges and disbursements, and such debts as he shall legally pay within eighteen months after administration granted, and that immediately after eighteen months he shall pay over to those entitled to it by law or by the will of the deceased.

"The right of action in favor of these complainants accrued as to the assets then in the administrator's hands at the time he was by law required to make distribution." *Alvis* v. *Oglesby*, 87 Tenn. 172, 182, 10 S. W. 313, 316.

If we take out the eighteen months after the qualification of the executors, the cause of action began to run on March 19, 1939. The bill herein was filed on December 17, 1949.

Section 8601 of Williams' Code provides: "Actions against guardians, executors, administrators, sheriffs, clerks, and other public officers on their bonds, actions on judgments and decrees of courts of record of this or any other state or government, and all other cases not expressly provided for, shall be commenced within ten years after the cause of action accrued."

Complainant contends that the above-quoted section of the Code does not apply to an express trust. This was doubtless the law before the Code of 1858, Section 2776, which contains the identical words as Section 8601 above quoted. Before the Code of 1858, there was no remedy against a personal representative for a distributive share at law. By the Act of 1762, remedy was given in the chancery court only. In the present cause, we are of opinion that the statute of limitations of ten years runs in favor of the personal representative. *Alvis* v. *Oglesby, supra; Jackson* v. *Dobbs,* 154 Tenn. 602, 290 S. W. 402.

The decree of the Chancellor was correct in sustaining the demurrer of the defendants and his decree is affirmed.

All concur.