A. G. BARNES *et al. v.* S. A. BARNES *et al.**

(*Jackson.*    April Term, 1928.)

Opinion filed July 16, 1928.

1. DEEDS. ESTATE BY ENTIRETY. ESTATE IN FEE SIMPLE. ADVERSE POSSESSION.

A conveyance by a husband to a third party, and a conveyance by the third party to said husband and his wife, have the effect of a voluntary conveyance of an estate in the land from the husband to the wife and creates an estate by the entirety, which becomes an estate in fee simple upon the death of the husband, the wife surviving him; and after the delivery of the deed creating the estate the possession of the husband thereafter was not adverse to the wife. (Post, p. 335.)

Citing: McCammon v. Pettitt, 35 Tenn. (3 Sneed), 242; Cummings v. Stovall, 74 Tenn. (6 Lea), 679.

2. DEEDS. CORRECTION OF ERRORS. EQUITY. JURISDICTION. ESTATE BY ENTIRETY. STATUTE OF LIMITATIONS.

An action brought to have a written instrument or contract reformed, so as to make it conform to the intention of the parties thereto, on the ground that a mutual mistake had been made in the drafting of the instrument, is an action purely equitable in its nature, which can only be brought in a chancery court, and of which a court of law can exercise no jurisdiction. The application of the appropriate statute of limitations to such an action is, therefore, involved in the difficulties which resulted when the statutes of limitation were so changed by statute as to make them apply to causes of action rather than to forms of action, as at common law; and the statute of limitations of ten years is applicable. (Post, p. 336.)

Citing: Shannon's Code, secs. 4466-4473; Code of 1858, secs. 2769-2776; Alvis v. Oglesby, 87 Tenn., 172; Hughes v. Brown, 88 Tenn., 587; Boro v. Hidell, 122 Tenn., 80; Jackson v. Dobbs, 154 Tenn., 602.

3. **DEEDS. CONTRACTS. CORRECTION OF ERRORS. STATUTE OF LIMITATIONS.**

The accrual of a cause of action to correct a mistake or error in a deed or contract cannot be postponed to the discovery of the mistake by the injured party, in the absence of a statute expressly so providing, which is to be found in a number of the states. The effect of our statute is that a contracting party, injured by a mistake in the drafting of his contract, shall have ten years within which to ascertain the existence of the mistake, and to commence his suit for redress; but if the ten years elapse without discovery and suit, in the absence of fraudulent concealment, the action is barred. (Post, p. 338.)

---

*Headnotes 1. Husband and Wife, 30 C. J., section 113; 2. Limitations of Actions, 37 C. J., section 322; 3. Reformation of Instruments, 34 Cyc., pp. 962, 963.

## FROM BENTON.

Appeal from the Chancery Court of Benton County.— HON. TOM C. RYE, Chancellor.

J. C. R. McCALL and JOE F. ODLE, for appellants.

PEELER & PEELER, for appellee.

MR. JUSTICE SWIGGART, delivered the opinion of the Court.

The Chancellor sustained a demurrer to the original bill of complainants, and complainants have appealed.

The prayer of the bill is for the construction of a deed, and, in the alternative, for a decree of reformation, to make the deed conform to the purpose and intention of the parties thereto.

The bill stated that the deed in question would be filed at the hearing. It was not filed when the demurrer was heard, and is not now a part of the record. The references to the deed in the bill are not sufficient to indicate that there is any merit in the contention of complainants as to its proper construction. The cause must be treated, therefore, as if the only prayer was for a reformation.

The facts averred in the bill are substantially as follows: W. J. Barnes, deceased, father of complainants and husband of the defendant, acquired the land described in the bill by purchase in 1891 and 1892, at which time he entered into possession thereof, and continued in uninterrupted possession until the date of his death, in February, 1923.

In 1900 W. J. Barnes was involved financially, and "for the purpose of placing himself in position where his property would not be sacrificed, and he would be able to pay his indebtedness without sacrifice, he conveyed the land by deed to his son, A. G. Barnes, one of the complainants. Between the date of said conveyance and June 14, 1902, all of said indebtedness was paid and satisfied, and on said latter date A. G. Barnes and wife executed a deed conveying said land to W. J. Barnes and wife, S. A. Barnes. While both of said deeds recited a consideration, no consideration actually passed, and both were voluntary conveyances. S. A. Barnes, the defendant widow, was in no way a party to the transaction, and the insertion of her name in the second deed was an error of the draftsman, and was inadvertently inserted in said deed without the knowledge of said A. G. Barnes."

The intention of the parties to the deed was that the land should return to or remain in W. J. Barnes, as it

had been prior to his conveyance in 1900, and it was not the intention of the parties to convey the land to W. J. Barnes and S. A. Barnes as tenants by the entirety, and the insertion of the name of S. A. Barnes was an innocent mistake and not intended at the time of the execution of the deed.

Complainants are the children of W. J. Barnes by a former marriage. Children of the marriage of W. J. and S. A. Barnes are also living, who would inherit the land in question from their mother, if the deed of 1902 is not reformed, to the exclusion of complainants.

Complainants charge that it was not the intention of W. J. Barnes, or of the maker of the deed, that the land should so descend; and as evidence of the intention of W. J. Barnes, his last will, executed December 10, 1920, provided that said land should descend to his widow for life, with remainder in equal shares to the heirs of W. J. Barnes.

The bill does not disclose the date on which the deed from A. G. Barnes and wife to W. J. Barnes and wife was placed on record; and there is no averment in the bill that W. J. Barnes, prior to his death, did not discover the mistake, and did not know that the name of his wife appeared as one of the vendees in the deed in question.

The execution of the will of W. J. Barnes, in 1920, eighteen years after the execution of the deed, may evidence a mistake of law as to the effect of the deed, as well as a mistake of fact as to its contents.

(1) The two conveyances, from W. J. Barnes to A. G. Barnes and from A. G. Barnes and wife to W. J. Barnes and wife, have the effect of a voluntary conveyance of an interest and estate in the land from W. J.

Barnes to his wife, which became an estate in fee simple upon the death of W. J. Barnes, his wife surviving him. The interest in the land was vested in S. A. Barnes upon execution and delivery of the deed creating the estate, and the possession of the husband thereafter was not adverse to his wife. *McCammon* v. *Pettitt,* 35 Tenn. (3 Sneed), 242; *Cummings* v. *Stovall,* 74 Tenn., 679.

*(2)* The third ground of the demurrer interposed by the defendant is that the bill shows on its face that an estate by the entirety was vested in W. J. Barnes and S. A. Barnes more than twenty years before the death of W. J. Barnes, and that W. J. Barnes' right of action to correct the alleged error or mistake in the deed vesting title in the defendant accrued more than twenty years before the death of W. J. Barnes, and that the right of action of W. J. Barnes, and those claiming under him, is barred by the statutes of limitation of three, six, seven, ten and twenty years.

The statutes of limitation thus invoked were enacted as sections 2769-2776 of the Code of 1858 (Shannon's Code, sections 4466-4473).

The first of these Code sections provides:

"All civil actions, other than those for causes embraced in the foregoing article, shall be commenced after the cause of action has accrued, within the periods prescribed in this chapter, unless otherwise expressly provided."

The limitation of ten years is embodied in section 2776 of the Code of 1858 (Shannon's Code, section 4473), and is as follows:

"Actions against guardians, executors, administrators, sheriffs, clerks, and other public officers on their bonds, actions on judgments and decrees of courts of

record of this or any other state or government, and all other cases not expressly provided for, within ten years after the cause of action accrued.''

An action brought to have a written instrument or contract reformed, so as to make it conform to the intention of the parties thereto, on the ground that a mutual mistake had been made in the drafting of the instrument, is an action purely equitable in its nature, which can only be brought in a chancery court, and of which a court of law can exercise no jurisdiction. The application of the appropriate statute of limitations to such an action is, therefore, involved in the difficulties which resulted when the statutes of limitation were so changed by statute as to make them apply to causes of action rather than to forms of action, as at common law. *Alvis* v. *Oglesby,* 87 Tenn., 172; *Hughes* v. *Brown,* 88 Tenn., 587; *Boro* v. *Hidell,* 122 Tenn., 80; *Jackson* v. *Dobbs,* 154 Tenn., 602.

In *Alvis* v. *Oglesby, supra,* the phrase in the statute above quoted, ''And all other cases not expressly provided for,'' was construed with the language of section 2769 of the Code of 1858, above quoted, as follows:

''These words, taken in connection with the opening section of the article in which both are found—that 'all civil actions other than those for causes embraced in the foregoing articles, shall be commenced after the cause of action has accrued, within the periods prescribed in this chapter, unless otherwise expressly provided' (Code, section 2769)—indicate a legislative purpose and intent to prescribe a bar for all suits, whether specifically mentioned or not.''

The cases cited clearly indicate the application of the limitation of ten years to an action for the reformation

of a written instrument on the ground of mistake. The exceptions to the strict or literal application of statutes of limitation which have been permitted by this court are referred to in the cases cited, and particularly in *Boro v. Hidell, supra.* No other or additional exception can now be made.

(3) It cannot be doubted but that, under the averments of the bill, a cause of action accrued to W. J. Barnes upon the delivery to him of the deed from A. G. Barnes in 1902, containing the name of his wife as joint vendee, inserted in the deed by mistake of the draftsman, and contrary to the intention of the parties to the deed. The accrual of the cause of action cannot be postponed to the discovery of the mistake by the injured party, in the absence of a statute expressly so providing, which is to be found in a number of the states. The effect of our statute is that a contracting party, injured by a mistake in the drafting of his contract, shall have ten years within which to ascertain the existence of the mistake, and to commence his suit for redress; but if the ten years elapse without discovery and suit, in the absence of fraudulent concealment, the action is barred.

The decree of the Chancellor sustaining the demurrer will be affirmed, at the cost of complainants.