Killebrew *v.* Ray.

(*Nashville*, December Term, 1943.)

Opinion filed June 10, 1944.

HAYNES & GREEN, of Winchester, and JOHN F. KILLE-BREW, of Nashville, for defendant-appellant.

FRANK L. LYNCH, of Winchester, for complainant-appellee.

MR. JUSTICE NEIL delivered the opinion of the Court.

Referring to the parties as they appeared in the court below, we find that Harry Ray filed his original injunction bill in the Chancery Court, against Mrs. G. W. Killebrew, Ben I. Heikens, and A. B. Ransom, for the purpose of reforming a certain deed of conveyance made to George W. Killebrew by R. J. Shasteen and wife, or to have it set aside. It is averred that he held this property in trust for the benefit of the Elk River Sand & Gravel Com-

pany. To be more specific, the bill alleged (1) that the Elk River Sand & Gravel Company was a corporation some eighteen years ago and that the stockholders and shares of stock owned by them were as follows: G. W. Killebrew, 260 shares; A. B. Ransom, 250 shares; Harry Ray, 107½ shares; R. L. Tillman, 80 shares; J. E. Orr, 10 shares; and Ben I. Heikens, 292½ shares; that the stockholders agreed to and did surrender the charter of the corporation eight years ago, agreeing among themselves that their interests in the assets of the business were to be in proportion to their shares of stock in the corporation; (2) that G. W. Killebrew died, testate, in Davidson County, leaving all his property, real and personal, to his widow, Mrs. G. W. Killebrew; (3) that on September 18, 1925, R. J. Shasteen conveyed to G. W. Killebrew 19 2/3 acres of land in Franklin County, and that said deed was recorded in his name in the office of the Register of Franklin County, Tennessee, on January 15, 1926; (4) that when the land was conveyed to G. W. Killebrew it was done for convenience and that in fact in fact he was holding it for the partnership; (5) that under his will Mrs. G. W. Killebrew holds the same as trustee, as did her husband, and that a resulting trust in favor of the members of the partnership should be declared and the deed reformed and declared to be a trust in favor of the partnership, or, in the alternative, should be set aside. The bill prayed that Mrs. Killebrew be enjoined from alienating the property and that it should be sold for partition and the proceeds be distributed among the members of the partnership, and that she be required to account for certain funds which she obtained by selling a part of the land for highway purposes to Franklin County.

The defendant, Mrs. Killebrew, demurred to the bill upon the following grounds: (1) That the cause of action is barred by the statute of limitation of ten years, which is Section 8601 of the Code of Tennessee; (2) that the cause of action is barred by the statute of limitations of seven years, which is Section 8610, Code of Tennessee of 1932; (3) that the cause is barred by the statute of limitations of six years, as found in Section 8600 of the Code of Tennessee. The Chancellor overruled the defendant's demurrer to the bill, the Court being of opinion "that the bill in this cause is an action to wind up a partnership and is controlled by the Uniform Partnership Law, Code sections 7841-7882." He allowed a discretionary appeal from his decree overruling the demurrer, which appeal was later perfected by the defendant, Mrs. Killebrew.

The assignments of error embrace all the grounds of the demurrer above referred to and in addition thereto it is complained that the Chancellor erred in holding that the Uniform Partnership Law controlled the case. While the bill alleges that its purpose is to wind up the partnership, it cannot be doubted that its real purpose is to invoke the aid of a court of equity to either set aside the deed in question or decree that G. W. Killebrew held it in trust for the partnership, and finally to sell it for division among the partners as their interest may appear.

██ Contention is made by counsel for complainant that this is a suit to wind up a partnership and that since the parties occupy a fiduciary relationship the statute of limitations cannot be invoked. The bill alleges "that the parties by agreement became and remained partners as the owners of the remaining assets, and this suit is brought on behalf of all partners." The case of *Bewley* v. *Coleman*, 12 Tenn. App., 692, is cited by the Chancellor and referred to by counsel in support of the theory that

the property in question continues in the partnership, it being purchased for that purpose, etc. The authorities do not reach the determinative issue before us. It cannot be doubted that there is a fiduciary relationship between members of a partnership. Code section 7860. While this is true, it cannot be said that the *cestui que trust*, the partnership, may not lose its interest in partnership property, the legal title to which is in the name of a member of the partnership. It has been held in a number of jurisdictions, and referred to by several leading text writers, that under certain circumstances a beneficiary of an express trust may be barred by laches from claiming his interest. If the trustee, or his successor, may plead laches to such a claim the statute of limitations may also be relied upon as a valid defense. In Scott on Trusts, Volume 3, section 409, it is said:

"The beneficiary of a resulting trust, like a beneficiary of an express trust, may be barred by laches from enforcing the trust. In the case of a resulting trust, as in the case of an express trust, however, the beneficiary is not barred from enforcing the trust merely by lapse of time."

In further discussing the effect of laches in terminating the trust, the learned author cites authorities to the effect that where a trustee has repudiated a trust with the knowledge of the *cestui que trust*, the doctrine of laches would apply. We here quote the language of the text as follows (Vol. 2, section 219.1, p. 1167):

"Even though the trustee has not repudiated the trust, a beneficiary may under some circumstances be precluded by laches from enforcing the trust. Ordinarily, it is true, the beneficiary is justified in assuming that the trustee is continuing to hold the property subject to the

trust unless the trustee repudiates the trust to his knowledge, and the mere failure of the beneficiary to enforce the trust is not laches. It is frequently said that the possession of the trustee is the possession of the beneficiary. This is obviously a fictitious form of statement, but what is meant is that the beneficiary is justified in assuming that the trustee continues to hold the property subject to the trust. Under some circumstances, however, the beneficiary is guilty of laches if he does not take affirmative steps to enforce the trust, even though it does not affirmatively appear that the trustee had repudiated the trust. This is the case where the trustee is under a duty to convey the trust property to the beneficiary and fails to make the conveyance for such a time and under such circumstances that the beneficiary is fairly chargeable with laches.''

We are not unmindful of the generally accepted rule that as between trustee and *cestui que trust*, in case of an express trust, the statute of limitations ordinarily has no application, but the rule appears to be different where the trustee, being a voluntary trustee, under a resulting trust, has, with the knowledge of the *cestui que trust*, disposed of the property in violation of the trust. In Perry on Trusts, sections 859, 850, it is said:

"If the *cestui que trust* concur in the breach of the trust, he is estopped from proceeding against the trustee.''

In *Patterson* v. *Hewitt*, 195 U. S., 309, 25 S. Ct., 35, 49 L. Ed., 214, it was held:

"The refusal of a trustee to execute a deed of an interest in a mining location in compliance with the trust agreement is a repudiation of the trust, which, if known to the complainants, opens the door to the defense of laches to a suit to enforce the trust.''

See also *Whitney* v. *Fox*, 166 U. S., 637, 17 S. Ct., 713, 41 L. Ed., 1145; *Smith* v. *Dallas Compress Co. et al.*, 195 Ala., 534, 535, 70 So., 662. In *Norton* v. *Bassett*, 154 Cal., 411, 97 P., 894, 896, 129 Am. St. Rep., 162, the defendant as heir of the trustee (under a resulting trust) became the holder of the legal title by operation of law. The Court, in discussing the defense of the statute of limitations, said:

"Nor was any denial or repudiation of the trust by any of these persons necessary in order to set the statute of limitations in motion. As plaintiffs' right of action accrued on the death of the voluntary trustee, the elder Bassett, and the vesting of the title to the trust property in the defendant Bassett as an involuntary or constructive trustee, the statute then commenced to run, and, unless an action was brought by the plaintiffs within four years thereafter, their right to maintain it was barred."

The complainant's (appellee's) original right of action was against the decedent, George W. Killebrew, to compel a conveyance of the property, or for a reformation of the deed. No action was ever taken against him. He held the legal title to the property as a voluntary trustee under the deed of Shasteen and wife until his death, at which time Mrs. Killebrew became seized and possessed of said property as a devisee under his will. It does not appear that she had any notice, actual or constructive, that the property was encumbered with a secret trust in favor of the partnership. If it can be said that she took it subject to this trust, she occupied a different relationship from that of her husband. At most, she was an *involuntary trustee*. Upon a device of the property, which was done with the knowledge of the members of the partnership, it became the duty of complainants to invoke the aid of a court of equity to compel her to recognize

their claim as beneficiaries under the trust agreement and to enforce the trust in their favor. Their right of action, if any, accrued upon the death of George W. Killebrew, the original voluntary trustee, and the statute of limitations commenced to run against them at that time. More than fourteen years elapsed from the death of Mr. Killebrew until the filing of the original bill in this cause. During that time Mrs. Killebrew conveyed a portion of the land to Franklin County for highway purposes. We think, under the circumstances herein cited, not only is the doctrine of laches applicable but the statute of limitations may be invoked as a valid defense to complainant's bill.

The defendant pleaded the statute of ten years and seven years as found in Code sections 8610 and 8601, which are as follows:

"Sec. 8601. Ten years against guardians, executors, administrators, public officers, and on judgments.—Actions against guardians, executors, administrators, sheriffs, clerks, and other public officers on their bonds, actions on judgments and decrees of courts of record of this or any other state or government, and all other cases not expressly provided for, shall be commenced within ten years after the cause of action accrued."

"Sec. 8610. Seven years' bar in favor of decedents' estates.—All actions against the personal representative of a decedent, for demands against such decedent, shall be brought within seven years after his death, notwithstanding any disability existing; otherwise they will be forever barred."

These statutes were construed by this Court in *Henderson* v. *Tipton*, 88 Tenn., 255, 14 S. W., 380, 383, and *Earles* v. *Earles*, 40 Tenn., 366, in which it was expressly held that they were applicable to trust estates. In *Henderson*

v. *Tipton, supra,* the theory and claim of the bill was, "that, while Tipton held the legal title, it was in trust for himself and complainants, or persons named, of whom complainants are heirs, and *this they show by written agreement, executed before the lands were purchased by Tipton.*" (Italics ours.) The defendants relied on the statute of limitations of seven years. Responding to the right of defendants to make this defense, the Court, speaking through Mr. Justice SNODGRASS, said (88 Tenn. at page 258, 14 S. W., at page 383):

"Finally the exact case now presented, on facts almost identical, came before the court at Jackson in 1875, and it was there held, in an elaborate opinion by Judge MCFARLAND, in which several of the leading cases were reviewed, that the statute applied to a suit against heirs to recover real estate; that such a claimant was within the meaning of the term 'creditor' there used, and such a claim was a 'demand' within the meaning and purpose of the statute; that the object and purpose of the statute was to make all claims for money, personalty, or realty, on which the deceased could have been sued in his lifetime, suable for seven years after his death against any one representing him in the title, and after that time be extinguished, whatever might be the nature or character of the demand which might have been asserted in his lifetime."

It cannot be doubted that the deceased George W. Killebrew was "suable in his lifetime" to have the deed in question reformed so as to show the interest of the partnership. As we construe the holding of the Court, as set forth in the above excerpt, the partnership must assert its claim within seven years after his death "against anyone representing him in title," otherwise the claim is extinguished. In other words, the claim of the part-

nership to an equitable or beneficial interest is extinguished. In that case the Court further said (88 Tenn., at page 258, 14 S. W., at page 383) : "This statute . . . *is one of positive prescription, and not only bars the remedy, but extinguishes the right,* runs against everybody, including the state, and need not be pleaded, but may be relied on in evidence." (Italics ours.)

In *Earles* v. *Earles, supra,* the Court dealt with the applicability of the statutes as affecting rights under a resulting trust. It was there held:

"A resulting trust is barred by the act of 1715, chap. 48, sec. 9. If the purchase money to acquire title to land is paid by one person, but the title made to another, and the party in whom the legal title is vested dies, suit to establish a trust, if one exists, must be instituted within seven years after the death of such party, or the claim will be barred by the act of 1715. (Code, sections 2281, 2786.)"

In *Barnes* v. *Barnes,* 157 Tenn., 332, 8 S. W. (2d), 481, the Court had under consideration a suit to reform a written instrument and held that such a cause was barred by the statute of limitations of ten years (Code section 8601), citing and quoting from *Alvis* v. *Oglesby,* 87 Tenn., 172, 10 S. W., 313, 316. Responding to the question as to the application of the appropriate statute of limitations to a cause of action that was purely equitable in its nature, it was expressly decided that Section 2776 of the Code of 1858 (Shannon's Code, section 4473), and brought into the Official Code of 1932 under section 8601, was a complete bar to such an action. In construing this section of the Code particular reference was made to the phrase *"and all other cases not expressly provided for,"* the Court quoting with approval the following statement in *Alvis* v. *Oglesby*:

"These words, taken in connection with the opening section of the article in which both are found, that 'all civil actions other than those for causes embraced in the foregoing article, shall be commenced after the cause of action has accrued, within the periods prescribed in this chapter, unless otherwise expressly provided' (Code, section 2769), indicate a legislative purpose and intent to prescribe a bar for all suits, whether specifically mentioned or not."

So that, whether we consider the bill in the instant case as one to reform a deed of conveyance, or to set it aside and enforce a resulting trust in favor of the partnership, the relief sought against Mrs. Killebrew is barred by the statute of limitations.

It results that the assignments of error must be sustained and complainant's bill dismissed.