LEE *v.* HARRIS *et al.*

(*Nashville,* December Term, 1948.)

Opinion filed April 30, 1949.

374

James H. Hicks, of Memphis, for appellant.

W. P. Armstrong, of Memphis, Ross & Ross, of Savannah, and John W. Harris and R. L. Bartels, both of Memphis, for appellees.

Mr. Justice Burnett delivered the opinion of the Court.

The original bill was filed in this cause by Minnie Harris and Blaine Harris, a brother and sister of the deceased, Logan Harris, for partition against the widow (appellant), and a nonresident child of the deceased brother. To this bill the widow filed her answer and cross-bill in which she alleged in substance that the complainants, appellees here, were barred from claiming any interests in the property by reason of her occupying the premises for approximately 19 years. She also asked that the deed to her husband be reformed so as to make it comply to the original agreement, that is, that when the property was acquired in 1922, it was bought in their joint names as tenants by the entirety, but due to a mistake in drafting the deed it was made to her husband alone. She further says that she did not know of this mistake until very shortly before the present suit was instituted when the title was being examined by her law-

yer. After discovering the fact that the deed was made to her husband alone, she had her lawyer to contact the heirs of her deceased husband and ask that they execute (quitclaim) deeds to her. Apparently upon receiving this information the present suit was brought.

To this cross-bill of the widow (appellant here) the original complainants demurred. The chancellor sustained two grounds of this demurrer, to wit:

"The cross-bill was filed more than ten years after the date of the execution of the deed, and the relief sought thereunder is therefore barred under Statute, Section 8601.

"There can be no adverse holding by the wife, or widow, against the heirs of the husband, the wife being vested with a homestead and inchoate dower, the heirs not being required to assert title until the death of the life tenant."

Upon sustaining the demurrer to the two above quoted grounds the chancellor allowed the appellant a discretionary appeal.

This Court has long since sustained the first contention above quoted. In *Barnes* v. *Barnes*, 157 Tenn. 332, 8 S. W. (2d) 481, this Court had under consideration a bill which prayed for "The construction of a deed, and, in the alternative, for a decree of reformation, to make the deed conform to the purpose and intention of the parties thereto." This Court, in a very able opinion, held that Code Section 8601 was applicable and that an action to reform a deed after ten years was barred in the absence of a fraudulent concealment of the error or mistake in drafting the original deed. In commenting on that question, the court said:

"The accrual of the cause of action cannot be postponed to the discovery of the mistake by the injured party' in the absence of a statute expressly so providing, which is to be found in a number of the states. The effect of our statute is that a contracting party, injured by a mistake in the drafting of his contract, shall have ten years within which to ascertain the existence of the mistake, and to commence his suit for redress; but if the ten years elapse without discovery and suit, in the absence of fraudulent concealment, the action is barred."

The appellant relies on *McSpadden* v. *Parkenson*, 10 Tenn. App. 11, as supporting her position, that is, that it was not necessary for her to commence the suit to reform this deed until she discovered the mistake. She takes this position because under her cross-bill it is alleged that she did not know of this mistake until just very shortly before the instant suit was filed and that, therefore, the mistake not being discovered until that time, the statute of limitations relied upon by the appellees in their demurrer to this cross-bill was not applicable and did not begin to run until the mistake was discovered. This principle was decided in the *McSpadden Case* last above referred to and seems to be in line with the general authorities. See 54 C. J. S., Limitation of Action, sec. 198, p. 201.

▆▆ This Court though in the *Barnes case*, *supra*, declined to add any additional exceptions to the application of the statutes of limitation. By so doing and by holding as above quoted, this holding has in effect become a rule of property in Tennessee. Since the *Barnes case* the principle here sought to be applied has now become a settled legal principle governing the ownership and devolution of property in Tennessee. This being true, the

rule of *stare decisis* should be adhered to, unless it appears that the evils resulting from the principle established would be greater than those resulting from disregarding the previous adjudication.

It seems to us that this adjudication, that is, the adjudication in the *Barnes Case,* in the long run and in the majority of cases is a salutary principle to be applied. People in purchasing real property will not be subjected to going years back in the past and having to try to overcome proof when there are written documents other than the deed governing the matter. In many instances it would be impossible under such circumstances for title to real estate to ever become absolute and secure.

We next come to the question of whether or not this widow who is vested with a homestead and inchoate dower can claim this property adversely to the heirs.

■ This Court in *North* v. *Puckett,* 164 Tenn. 100, 46 S. W. (2d) 73, 81 A. L. R. 1107, said: ''The right of dower confers no title to any part of the husband's land, after his death, until assignment of dower is made. It is a mere right which does not ripen into a title until some specific portion is set out and assigned as dower.''

■ Having held that the statute bars the rights of revision on behalf of the appellant, we must next of course consider whether or not she can claim this land by reason of her occupancy. This occupancy over a period of about 19 years has been purely permissive and amicable—there are no allegations whatsoever herein that there has been any adverse claim to the heirs of the deceased. The allegations in effect show otherwise when it is alleged that the first thing that was ever said or done about it was shortly before this suit was brought when these heirs were contacted and asked to make (quit-

claim) deeds to her for any outstanding interest that they might have. This allegation within itself establishes the fact, to our minds, clearly that there has been no adverse holding on her behalf. The decedent's real estate descended to these heirs upon his death and they had an undivided seisen until the assignment of dower. No dower was assigned and none asked to be assigned until the filing of the original bill in this cause. These facts being true, the appellant's possession of her deceased husband's land is amicable to the husband's heirs. *Meriwether* v. *Vaulx*, 37 Tenn. 300, 2 C. J. S., Adverse Possessions, sec. 115-A-2(a) 1, page 666; American Jurisprudence 860, 863 sections 121-125, notes 10 and 11.

In *Mullan* v. *Bank of Pasco County*, 101 Fla. 1097, 133 So. 323, 324, it was held that "a widow whose dower has never been assigned to her cannot by merely remaining in possession of property that belonged to her deceased husband, acquire title by adverse possession, as against the heirs."

In the case of *Graves* v. *Causey*, 170 N. C. 175, 86 S. E. 1030, 1031 it was held that "the widow does not hold adversely to the heirs, but in subserviency to their title, and those claiming under the widow generally stand in no better position, unless there has been some open unequivocal act on their part indicating that their possession is adverse."

Again it is said, for there to be adverse possession, in 2 C. J. S., Adverse Possessions, sec. 115, page 667, that "To render the possession adverse there must be an unequivocal act or claim in hostility and disavowal of the heirs' title brought home to them by actual or constructive notice, although actual notice is not required." And in 1 American Jurisprudence, page 843, section 91 it

is said: "During the time a widow is rightfully in possession of her husband's lands under her dower and quarantine rights, her possession is not adverse to the rights of the heirs, even though she claims entire ownership. But it is otherwise after the period of rightful possession has expired."

We do not say or intend to hold that there might not be some acts on the part of the widow or the heirs wherein the statute of limitations might have started where this widow could have claimed this property adversely, but under the allegations in the pleadings before us there isn't an averment in the pleadings that such is true. The fact is the statements of the pleader are just to the contrary.

We have here a case where the widow has apparently resided in this property since the death of her husband in an amicable position towards the heirs. This widow has neither color of title nor any rights therein except by reason of her marital relation. In the suit originally filed for partition her rights of dower are recognized. She has not occupied the land for the usual prescriptive period of 20 years so as to establish title under that doctrine.

For the reasons above set forth, the decree of the chancellor will be affirmed and the cause remanded for further proceeding consistent with this opinion.