FULLER *et al. v.* BATCHELOR *et al.*

*(Jackson,* April Term, 1954.)

Opinion filed May 21, 1954.

MORGAN C. FOWLER and MARTIN EXUM, both of Jackson, for complainants.

DIAMOND & HOLT and FONVILLE & DIAMOND, all of Jackson, for defendants.

Mr. Justice Prewitt delivered the opinion of the Court.

The cause was disposed of in the lower court, the Chancellor overruling a demurrer to the bill.

The purpose of the bill is to set aside a trustee's deed to real estate in Madison County. The complainants are the heirs of one George Fuller who died a number of years ago in Madison County. A short time prior to his death, he executed and delivered a trust deed to Batchelor, naming Frank Mercer, trustee, which was duly registered, April 22, 1926.

The bill charges that soon after the execution and delivery of the trust deed, that following an oral agreement with Batchelor, Fuller moved from said farm, and the defendant entered into possession for the purpose of working the land and applying the rent and profits to the indebtedness secured by the above mentioned trust deed. This indebtedness amounted to something over $3,000. In the year 1927, Fuller and his wife died leaving surviving them their children who are the complainants.

The bill further charged that the defendant Batchelor refused and neglected to make settlement with the complainants under the oral trust agreement, and foreclosed the trust deed pursuant to its terms, April 6, 1929, by appointing R. C. Smith, as substitute trustee, after the

resignation of the said Frank Mercer, said appointment not being in writing, or recorded. That said substitute trustee duly advertised said property which was sold to defendant Batchelor for $3,000 cash, that being the highest and best bid; that said substitute trustee executed a trustee's deed to Batchelor which was duly recorded April 24, 1930.

The present bill was not filed until May 9, 1953, and set up the foregoing matters and claimed that the agreement set up a valid parole trust, and that Batchelor by his conduct and by withholding the facts, perpetrated a fraud on the children and heirs at law of the said George Fuller.

Batchelor demurred on the ground that there was no equity on the face of the bill and invoked the statute of limitations of 6, 7 and 20 years.

It is not charged in the bill that any of the complainants were, or are, under any legal disability.

■■ The Chancellor gave no reason for overruling the demurrer. We think the plea of the statute of limitations is good under the charges set out in the bill: Code, Sec. 8600, provides "Six years for use and occupation, rent, surety for official delinquencies, and on contracts not otherwise expressly provided for.—Actions for the use and occupation of land and for rent; actions against the surety of guardians * * *; actions on contracts not otherwise expressly provided for, shall be commenced within six years after the cause of action accrued."

The bill charges that the defendants have been in possession of the property under a recorded deed from April 24, 1930, until the present time. No reason is assigned in the bill for the failure of complainants to see to it that they were at least given credit for the rents and

profits for the six years following 1930. We think the statement of fraud made in the bill is too general and indefinite to prevent the running of the statute of limitations, and we also think that laches bars the complainants.

Scott on Trusts, Vol. II, Sec. 219.1 at pages 1166 and 1167, Vol. III, Sec. 409; *Killbrew* v. *Ray,* 181 Tenn. 333, 181 S. W. (2d) 334; *Church of Christ Home for Aged* v. *Nashville Trust Co.,* 184 Tenn. 629, 202 S. W. (2d) 178.

█ Furthermore, it appears that the defendant had been in adverse possession of this property after he received his deed from the substitute trustee as above set out. Code, Sec. 8582. And that defendant has been in such possession for more than 20 years. *Sherman* v. *Sipper,* 137 Tex. 85, 152 S. W. (2d) 319, 137 A. L. R. 263.

It results that the decree of the Chancellor is reversed and complainants' bill dismissed.