**HOME GUARANTY INSURANCE CORPORATION**

v.

**THIRD FINANCIAL SERVICES, INC., et al.**

No. 3–86–0869.

United States District Court, M.D. Tennessee, Nashville Division.

Aug. 24, 1988.

See also 667 F.Supp. 577.

Boult, Cummings, Conners & Berry, Robert S. Patterson, Patricia Head Moskal, Nashville, Tenn., Raymond F. Scannel, Sr., Warren E. Zirkle, McGuire, Woods, Battle & Boothe, Elizabeth F. Edwards, Catherine N. Currin, Richmond, Va., for plaintiff.

David B. Fawcett, Jr., Richard S. Dorfzaun, Dickie, McCamey & Chilcote, Pittsburgh, Pa., for Home Guar. in No. 3–87–0353.

H. Naill Falls, Jr., Katherine Simpson Allen, Farris, Warfield & Kanaday, Nashville, Tenn., for Third Financial Services, Inc.

Wallace Dietz, Nashville, Tenn., William G. Merchant, Papernick & Gefsky, P.C. Pittsburgh, Pa., for Peoples Federal Sav. and Loan Ass'n.

### ORDER

WISEMAN, Chief Judge.

For the reasons given from the bench, Home Guaranty's motion to join First Federal of New Castle Pennsylvania is denied. Motions by Third Financial Services, by Peoples Federal, and by Home Guaranty for summary judgment are also denied, based on the Court's analysis at the hearing and given its specific reliance on *Verex Assurance, Inc. v. John Hanson Savings & Loan, Inc.*, 816 F.2d 1296 (9th Cir.1987).

Plaintiff Home Guaranty's complaint seeks rescission of a contract that it claims it would not have entered absent the borrower's misrepresentations, which were conveyed by the lender, Third Financial Services, to Home Guaranty. The complaint asserts that the contract is void and seeks only rescission, not money damages.

An individual induced by fraud to enter a contract may elect between two remedies: he may treat the contract as void and sue for the equitable remedy of rescission or he may treat the contract as existing and sue for damages under the theory of deceit. *Vance v. Schulder*, 547 S.W.2d 927, 931 (Tenn.1977). In cases where plaintiffs have brought actions at law under the second theory, Tennessee courts have found that the gravamen of the complaint is that fraud induced a contract in which the plaintiff sustained money damages. In these cases, the three-year statute of limitation at Tenn.Code Ann. § 28–3–105 was applicable. *See e.g., Vance*, 547 S.W.2d at 932 (sale of stock for much less than market value); *Prescott v. Adams*, 627 S.W.2d 134, 137 (Tenn.Ct.App.1982) (action for rescission *or* damages given misrepresentations about condition of realty that resulted in sale).

■ In this case, plaintiff has brought the action under the first prong of the Tennessee Supreme Court's analysis: this is solely an equitable action for rescission that asserts the contract was void ab initio. It is neither an action in tort (for no injury has yet occurred) nor an action on the contract (for plaintiff asserts the contract never came into existence). Hence, neither the three year statute on tortious damage to property nor the six year statute for actions on the contract are applicable.

■ In its answer, Third Financial Services has asserted the equitable defense of laches. The essential elements of laches

440

include (1) an inexcusably long delay caused by claimant's negligence in asserting its claim and (2) injury to another's rights resulting from this delay. The success of the laches defense depends on the facts and circumstances of each case. The defense can be made out if claimant's actions amount to actual or constructive acquiescence in the defendant's conduct. *State ex rel. Elvis Presley v. Crowell*, 733 S.W.2d 89 (Tenn.Ct.App.1987).

Tennessee's ten year statute of limitations for actions not otherwise provided for, Tenn.Code Ann. § 28–3–110, creates a cap after which plaintiff's action would be barred; this statute has been applied by Tennessee courts in the analogous equitable action of reformation. *See e.g., Lee v. Harris*, 188 Tenn. 373, 219 S.W.2d 892 (1948). Because the elements of laches may nonetheless prevent plaintiff from prevailing, and because material issues of disputed fact remain on these and other equitable defenses, defendants' motions for summary judgment on the ground of the statute of limitations is denied.