IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
MAY 23, 2002 Session

## RONNIE LYNN CARROLL v. NANCY GAY BRADEN (AGRESTA) v. JAMES PALMER

**Direct Appeal from the Chancery Court for Dyer County**
**No. 00C450; The Honorable J. Steven Stafford, Chancellor**

——————————

**No. W2001-01901-COA-R3-CV - Filed October 15, 2002**

——————————

This appeal involves a disputed tract of land that the third-party plaintiff allegedly purchased in 1983 and received a deed for in 1987. The trial court held that plaintiff's statutes of limitation had expired and granted a motion for summary judgment in favor of the third-party defendant who executed the deed. For the following reasons, we affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY KIRBY LILLARD, J., joined.

Greg Alford, Dyersbug, TN, for Appellant

Marianna Williams, Dyersburg, TN, for Appellee

### OPINION

### Facts and Procedural History

James H. and Debbie D. Palmer owned several adjoining tracts of land in Dyer County, Tennessee. Three of these adjoining tracts were designated Lot 11, Lot 12, and Lot 13. It appears from the record that Lots 11 and 13 had houses located on them, but that Lot 12, which was located between the other two lots, was vacant.

On January 25, 1986, a warranty deed was executed wherein the Palmers conveyed Lot 11 and the northern one-half of Lot 12 to Ronnie L. and Betty R. Carroll. The deed, which contains a detailed description of the property conveyed, was recorded on January 30, 1986.

Approximately one year later, on April 6, 1987, the Palmers executed a second warranty deed wherein they conveyed the southern one-half of Lot 12 and a portion of Lot 13 to Earl Lynn and Nancy Gay Braden.[1] This deed, which also contains a detailed description of the property conveyed, was recorded on April 20, 1987.

Although the two deeds clearly define the portions of Lot 12 received by each party, a dispute arose as to ownership of the lot. Initially, Mr. Carroll filed suit against Ms. Braden. In response, on November 1, 2000, Ms. Braden filed a third-party complaint against Mr. Palmer. Ms. Braden's third party complaint is the subject matter of this appeal.[2]

In the first count of Ms. Braden's third-party complaint against Mr. Palmer, she alleges that she paid for all of Lot 12 and that the deed between her and Mr. Palmer contained an error in the description. Further, she alleges that because Mr. Palmer had already sold a portion of Lot 12 to the Carrolls, Mr. Palmer's actions in agreeing to convey all of Lot 12 to her resulted in misrepresentation and/or fraud. In the second count of her complaint, she alleges that Mr. Palmer breached the agreement to convey correctly described property. For damages, Ms. Braden asked the court to reform her deed as to include all of Lot 12 or, in the alternative, award her monetary damages for misrepresentation, fraud, or breach of contract.

Along with her complaint, Ms. Braden attached a note dated February 29, 2000 allegedly signed by Mr. Palmer. The note states as follows:

I, James Palmer, sold 3 lots in Atkins Sub. to Nancy Braden Agresta.
Lot 12 south & north
Lot 13 north.
     [signed] James Palmer

Mr. Palmer soon filed an answer to Ms. Braden's third-party complaint and a counterclaim against Ms. Braden. In his filing, Mr. Palmer asserted numerous defenses to Ms. Braden's complaint including the statutes of limitation as provided in sections 28-3-110(3) and 28-3-109 of the Tennessee Code. With respect to his counterclaim, Mr. Palmer alleged that Ms. Braden was engaging in fraud, because she knew that James Palmer never signed the note indicated above and demanded damages.

---

[1] Mr. Braden and Ms. Braden were eventually divorced and as a result, Mr. Braden quitclaimed his interest in the property to Ms. Braden. Further, although Ms. Bradens' last name is now Agresta, for easier reference we shall refer to her as Ms. Braden.

[2] Ordinarily the third-party complaint would not arise unless judgment was entered against the third-party plaintiff by the original plaintiff in the case. Here, however, the third-party complaint was dismissed by the trial court based on the statute of limitations. The court's ruling meant that no matter what occurred with regard to the original suit, the third-party defendant would not be subject to liability under any circumstances. The original suit could continue without third-party defendant because the claim against him was time-barred. The trial court made this order final pursuant to T.R.Civ.P. 54.02 which allows a court to enter a final judgment as to any "claim, counterclaim, cross-claim, or *third-party claim*" when "there is no just reason for delay," even if other claims remain (emphasis added).

On May 7, 2001, Mr. Palmer filed a motion for summary judgment as to Ms. Braden's third-party complaint. In his motion, Mr. Palmer alleged that there were no genuine issues of material fact and that he was entitled to a judgment as a matter of law due to the expiration of the relevant statutes of limitation.

In response to Mr. Palmer's motion for summary judgment, Ms. Braden filed a response along with a corresponding affidavit. In her response, Ms. Braden pointed out several issues of fact, which she alleges are genuine and material to the case. First, Ms. Braden stated that she has been in possession of the disputed tract as contemplated under the theory of adverse possession for eighteen years. Further, Ms. Braden stated that she reasonably relied upon the assertions of Mr. Palmer's father, who allegedly was acting as his agent, when she purchased the disputed tract.

In her affidavit, Ms. Braden again asserted that Mr. Palmer's father had always acted as his son's agent and that his father had indicated that she was purchasing the disputed tract. Ms. Braden also asserted that the note above was in fact not signed by Mr. Palmer, but instead, was signed by his father. Further, she indicated that she had originally purchased the disputed tract from Mr. Palmer under a written installment note executed in 1983, but that no record of the conveyance can be found. Finally, she stated that Mr. Palmer had not intentionally sold the disputed tract to the Carrolls.

Ms. Braden also attached to her response to the motion for summary judgment affidavits from Mr. Palmer's ex-wife and her ex-husband. Both of these affidavits state that Ms. Braden did indeed purchase the property in 1983. The affidavit of Mr. Palmer's ex-wife further indicates that she accompanied Ms. Braden to Mr. Palmer's house where he agreed with the note allegedly written by his father.

On July 6, 2001, the trial court granted Mr. Palmer's motion for summary judgment and declared its decision to be a final judgment as to Mr. Palmer. The court stated in its ruling that the decision was based on the expiration of the relevant statutes of limitation as well as section 66-26-102 of the Tennessee Code, which states that the recording of a deed stands as "notice to all the world." TENN. CODE ANN. § 66-26-102. Ms. Braden filed a timely notice of appeal and this cause is now properly before this Court.

## Issue

Ms. Braden has raised one issue, as stated in her brief, for our review:

Whether the trial court erred in holding that T.C.A. § 66-26-102 places a current, not subsequent, buyer under a general warranty deed upon notice of breach as of the date of the warranty deed is recorded for the purposes of the starting date for the statutes of limitation for breach of contract, T.C.A. § 28-3-109, and reformation, T.C.A. § 28-3-110; regardless of any fraud/fraudulent concealment by the seller.

## Standard of Review

Our standard of review for this issue is well settled. A trial court's grant of summary judgment is not entitled to a presumption of correctness on appeal. McClung v. Delta Square Ltd. Partnership, 937 S.W.2d 891, 894 (Tenn. 1996). Rather we must review *de novo* to determine whether the requirements of Tennessee Rule of Civil Procedure 56 have been met. Mason v. Seaton, 942 S.W.2d 470, 472 (Tenn. 1997). Summary judgment is warranted only when there are no genuine, material factual disputes with regard to the claim or defense asserted in the motion and the moving party is entitled to a judgment as a matter of law. Bain v. Wells, 936 S.W.2d 618, 622 (Tenn. 1997). In making our determination, we must take the strongest view of the evidence in favor of the nonmoving party, allowing all reasonable inferences in his or her favor and discarding all countervailing evidence. Shadrick v. Coker, 963 S.W.2d 726, 731 (Tenn. 1998) (citing Byrd v. Hall, 847 S.W.2d 208, 210-11 (Tenn. 1993)).

## Law and Analysis

The most logical place for this Court to begin its review is with the statutes of limitation relied upon by the trial court. The court first stated that section 28-3-109 of the Tennessee Code barred Ms. Braden's breach of contract claim. Next, the court relied upon section 28-3-110 of the Tennessee Code in dismissing all of Ms. Braden's claims. Section 28-3-109 directs that "contracts not otherwise expressly provided for" in the code "shall be commenced within six (6) years after the cause of action accrued." TENN. CODE ANN. § 28-3-109(a)(3). Similarly, section 28-3-110 provides that, "all other cases not expressly provided for" in the code "shall be commenced within ten (10) years after the cause of action has accrued." TENN. CODE ANN. § 28-3-110(3).

Ms. Braden now argues that the statutes of limitations should not stand as a bar to her claim. Specifically, Ms. Braden states that the actions of Mr. Palmer's father, as an agent for Mr. Palmer, constitute fraud in that he attempted to conceal the fact that her deed's description did not include the disputed property. Because fraud was present, Ms. Braden argues, the statutes of limitations should have tolled.

In support of her argument, Ms. Braden cites the Tennessee Supreme Court's opinion in Barnes v. Barnes, 8 S.W.2d 481 (Tenn. 1928) and it progeny. In Barnes, the supreme court held,

> The effect of our statute is that a contracting party, injured by a mistake in the drafting of his contract, shall have ten years within which to ascertain the existence of the mistake, and to commence his suit for redress; but if the ten years elapse without discovery and suit, in the absence of fraudulent concealment, the action is barred.

Id. at 482-83. Based on this language, Ms. Braden argues that the court erred because she alleged sufficient facts to support her assertion that Mr. Palmer or his agent took steps to conceal from her the fact that her deed did not include a portion of the land she agreed to purchase in 1983.

We disagree, however, with Ms. Braden's argument. Although it is obvious that under Barnes the statutes of limitations could be tolled where fraudulent concealment was present, that situation is not applicable here. In the case *sub judice*, Ms. Braden was put on notice of the alleged defect when the deed was signed and delivered to her in 1987.

Further, assuming *arguendo* that Mr. Palmer's father was also his agent, no statements that he made to Ms. Braden could have concealed the alleged defect given the fact that Ms. Braden had the description in her deed at her disposal. Simply put, Ms. Braden is charged with the knowledge of the contents of her deed. Thus, her claims, if any, would have arisen when the property was actually conveyed by the deed in 1987. Because Ms. Braden's claim was not brought against Mr. Palmer until November 1, 2000, we hold that the trial court did not err in granting Mr. Palmer's motion for summary judgment.

## Conclusion

Based on the foregoing conclusions, we hereby affirm the decision of the trial court. Costs on appeal are assessed against Nancy Gay Braden and her surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE